Daniel Lee **SHIELDS**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 02S00–8704–CR–416.

Supreme Court of Indiana.

May 24, 1988.

Robert Owen Vegeler, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl Lynn Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Robbery, a Class B felony, for which he received a sentence of twenty (20) years.

The facts are: On July 12, 1986, Michael McDorman was working as a stock boy at Rogers Market in Fort Wayne. Between 5:30 and 6:00 a.m., McDorman heard screaming coming from the front of the store. When McDorman ran to the checkout area, he saw appellant going out the door. Appellant then returned holding the store's manager as a hostage and demanded, "Give me all your money or I'm going to kill her. I have the knife up to her head." He held an eight-inch hunting knife to her head. Another employee, Mark Schultheis, gave appellant money from the cash register and appellant demanded more. The hostage broke free and he told her to come back. She declined. Appellant then left the store.

Police were informed about the robbery. They saw appellant running down the street a few blocks from the store. They returned to the store with appellant, and McDorman and Schultheis identified him as the robber.

■ Appellant argues the evidence is insufficient to support his conviction. He believes that because the witnesses did not remember a scar on his face when they described him, because they estimated his weight incorrectly, and because no weapons or money were found on him or in the vicinity when police located him, the State failed to prove his identity as the robber.

Appellant acknowledges that this Court will not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Witnesses testified that the robbery, which took several minutes, occurred in a well-lit area and appellant wore no mask or face covering. McDorman and Schultheis were best able to view the robber, and they

testified that there was no doubt in their minds that appellant was the perpetrator. We find the evidence is sufficient to support appellant's conviction.

■ Appellant contends that the State did not carry its burden of disproving his alibi defense beyond a reasonable doubt.

Appellant's brother-in-law and a few of appellant's acquaintances testified that he was at a bar and party celebrating his birthday on the morning of the offense. Appellant claims he had left the party and was approximately fourteen blocks from Rogers Market at the precise time of the robbery, and the witnesses who identified him as the robber were lying.

The State does not bear the burden to directly rebut a defendant's alibi. The credibility of the witnesses is for the jury to determine and they may disbelieve an alibi if the State's evidence in chief is credible. *Thomas v. State* (1982), Ind., 436 N.E. 2d 1109. We find the evidence sufficient to sustain the jury's finding.

■ Appellant believes his case must be remanded for a new trial because the State peremptorily struck the only black potential juror from the panel. He asserts that because the record is devoid of a reason for striking the potential juror, he has raised an inference of purposeful discrimination which requires the State to provide an explanation.

■ A peremptory challenge is one exercised without reason stated, without inquiry, and without being subject to the court's control. No party is required to explain its reasons for the exercise of such challenge. There is a strong presumption that the prosecution uses its peremptory challenges to obtain a fair and impartial jury. *Phillips v. State* (1986), Ind., 496 N.E.2d 87.

However, a defendant has a right to be tried by a jury whose members are selected by non-discriminatory criteria. Appellant asserts he has established a *prima facie* case of purposeful discrimination by showing that: 1) he is a member of a cognizable racial group; 2) the prosecutor has peremptorily challenged members of his race; and 3) these facts and other relevant circumstances raise an inference that the prosecutor purposefully excluded veniremen from the jury because of their race. *Weekly v. State* (1986), Ind., 496 N.E.2d 29.

As in *Weekly,* appellant failed to present any record of *voir dire.* The record does reflect that the State peremptorily struck two potential jurors, one of whom was the only black member of the venire.

Appellant has established that he is black and that the black venireman was struck from the jury, but he has produced no other evidence or relevant circumstances to raise an inference that the prosecution used its peremptory challenges unfairly. Therefore, appellant has not met the burden of proof.

■ Appellant argues that he was denied his right to a jury trial and due process because the jury deliberated and reached a verdict in only fifty minutes. He believes that a jury could not assimilate the testimony and consider his defenses after a day-long trial in a period of less than an hour.

Considering the length of the trial and the facts in this case, we do not find the deliberation period to be so short that the jury could not have conscientiously and thoroughly complied with their instructions to reach a verdict.

■ Appellant argues that the trial court used improper factors in the aggravation of his sentence and that his sentence is manifestly unreasonable.

The trial court increased the presumptive ten-year sentence by ten additional years due to its finding of aggravating circumstances, as permitted in Ind.Code § 35-50-2-5. When a trial court decreases or increases a sentence due to mitigating or aggravating circumstances, the factors used in making that determination must be listed in the record. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054.

During the sentencing hearing, the trial court heard evidence of appellant's previous felony conviction, then stated that the aggravating circumstances were: the phys-

ical danger involved in holding a knife to the neck of the hostage; appellant's lack of rehabilitation potential; and the lack of remorse shown by him.

It is for the trial judge to determine the sentencing weight to be given the aggravating or mitigating circumstances. *Hatchett v. State* (1987), Ind., 503 N.E.2d 398. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071. Statutory factors which may be considered as aggravating circumstances serve as guidelines but do not limit the matters which the judge may consider when determining what sentence should be imposed. *Id.*

The nature of the crime and the manner in which it was committed are properly considered as aggravating circumstances. *Rust v. State* (1985), Ind., 477 N.E.2d 262. We find the trial court's findings were sufficient to support appellant's increased sentence. The sentence is authorized by statute and is not manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. 2.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.