Clinton SPIVEY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9308–PC–457.

Court of Appeals of Indiana, Second District.

Aug. 23, 1994.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

Clinton Spivey appeals the denial of his petition for post-conviction relief. Following a jury trial, Spivey was convicted of Robbery,[1] Criminal Confinement,[2] Kidnapping,[3]

---

1. Ind.Code 35–42–5–1.

2. Ind.Code 35–42–3–3.

3. Ind.Code 35–42–3–2.

and Attempted Murder,[4] and of being an habitual offender.[5] Spivey was sentenced to seventy years imprisonment, and the convictions and sentence were affirmed upon direct appeal in *Spivey v. State* (1982), Ind., 436 N.E.2d 61. Upon denial of his post-conviction petition, Spivey presents the following restated issues for review.

I. Did the post-conviction court err in failing to vacate the habitual offender enhancement after the trial court vacated one of the three prior convictions upon which the jury's general-verdict habitual offender determination was made?

II. Did the trial court err in imposing consecutive sentences?

We affirm in part, reverse in part, and remand.

Spivey's convictions resulted from a February 29, 1980 incident during which Spivey robbed two oil company employees at gunpoint. After completing the robbery, Spivey fled from the building, pausing briefly to fire a handgun at one of the employees who was pursuing him. Spivey eventually commandeered an automobile by threatening the vehicle's two occupants with the gun. After police arrived on the scene, Spivey held one of the vehicle's occupants hostage by placing the gun to her head. Police were finally able to subdue Spivey. The hostage was physically unharmed.

## I.

In order to sustain a finding that a defendant is an habitual offender, the State must prove that the defendant was guilty of two prior unrelated felony offenses, the second of which was committed after the defendant was convicted and sentenced upon the first charge. Ind.Code 35–50–2–8. The State may offer proof of more than two prior convictions, with the additional convictions considered to be harmless surplusage. *Waye*

*v. State* (1991), Ind., 583 N.E.2d 733. In the instant case, the State offered proof of three prior convictions. After the jury determined that Spivey was an habitual offender, however, one of the three convictions was vacated upon constitutional grounds. Citing *Eldridge v. State* (1986), Ind., 498 N.E.2d 12, the State contends that "the fact that [Spivey] subsequently was successful in setting aside one of his prior convictions is of no consequence since the State had alleged and proved three prior convictions in the original trial." Appellee's Brief at 5.

In *Eldridge,* the defendant was found to be an habitual offender after a hearing in which the State presented proof of three prior felonies. One of the three predicate felonies was subsequently set aside in a post-conviction proceeding. The defendant argued that the subsequent setting aside of one of the three predicate convictions rendered his habitual offender status void. Our Supreme Court rejected this argument, stating:

"Although [defendant] might have insisted at his original trial that the jury designate which two of the three felonies they relied upon to fix his habitual offender status, he did not do so. At this late date we must assume that the jury found that appellant had been convicted, sentenced and imprisoned upon all three of the felonies charged. The fact that appellant subsequently was successful in setting aside one of the three convictions still leaves two convictions established by the evidence in the original trial." 498 N.E.2d at 13.

It would appear that *Eldridge* constitutes our Supreme Court's rejection of Spivey's argument. Subsequent Indiana Supreme Court decisions, however, reflect a seemingly conflicting viewpoint.

In *Boarman v. State* (1987), Ind., 509 N.E.2d 177, the defendant challenged the use of a general verdict form during the habitual offender phase of trial when the State had introduced evidence of more than two prior

---

4. Ind.Code 35–41–5–1.

5. Ind.Code 35–50–2–8.

convictions. The Supreme Court noted that a general verdict form does not permit a reviewing court to determine upon which two prior convictions an habitual offender finding was premised. Therefore, the court stated, "any error with respect to proof of the alleged prior convictions necessitated a retrial of the entire habitual offender charge." 509 N.E.2d at 180.

In *Nash v. State* (1989), Ind., 545 N.E.2d 566, the State offered evidence of three prior convictions, theft and auto banditry, and interstate transport of a motor vehicle. During jury deliberations, the defendant informed the trial court that the auto banditry conviction had been set aside by the Court of Appeals on the ground that it and the theft conviction were one and the same. The jury returned a general verdict form indicating its conclusion that the defendant was an habitual offender. The defendant argued that the determination was void because the State presented evidence of a felony which was not, in fact, a valid conviction. The court rejected the State's argument that, notwithstanding that one of the three prior felonies was an invalid predicate felony, the other two were valid predicates upon which the habitual offender determination could rest. The court concluded that the habitual offender determination could not stand because the jury was not instructed that a verdict of habitual offender could not rest on the theft and auto banditry convictions alone. Implicit in the court's ruling was the view that the verdict was not sustainable on the ground that, in the absence of the nonconforming prior conviction, the State had still sufficiently proved two proper predicate felonies.

Finally, in *Waye, supra,* the State offered evidence of three prior convictions during the habitual offender stage of trial. On a general verdict form, the jury returned a finding that the defendant was an habitual offender. The defendant appealed on the ground that one of the three prior convictions was actually a misdemeanor. The State argued that the habitual offender finding was sustainable because the jury was presented with evidence of two proper predicate felonies, notwithstanding that the third conviction was not a proper predicate. The court rejected the State's contention on the ground that the misdemeanor conviction was not admissible during the habitual offender phase for any reason and the jury was erroneously instructed that the misdemeanor was in fact a felony. The court reasoned that the general verdict form rendered it impossible to discern whether the jury relied on the misdemeanor in finding the defendant an habitual offender. The court concluded that, "A general verdict cannot stand when the case was tried and submitted on two theories, one bona fide and the other not." *Id.* at 735 (quoting *Miller v. State* (1981) 275 Ind. 454, 417 N.E.2d 339, 343).[6] The above cases contain language which arguably supports either result.

It is clear, however, that courts have not subsequently sanctioned that which was implied in *Eldridge,* i.e., that a defendant has the burden to "insist" at trial that the jury designate which two felonies were relied upon to fix a defendant's habitual criminal status when evidence of more than two was offered, and that failure to so insist defeats a challenge premised upon the ground that at least one of the felonies is no longer a proper predicate for habitual offender purposes. It is equally clear that the State may prove more than two prior convictions in seeking an habitual offender enhancement, but that such practice carries with it the danger that "surplus" felonies may invalidate an habitual offender determination if determined not to

6. In *Miller,* the court set aside an habitual offender verdict because the defendant had not yet been sentenced for two of the four convictions supporting the habitual offender charge. The court so held in spite of the fact that the remaining prior convictions were proper predicate offenses, stating

"Notwithstanding that competent evidence was admitted to support a finding that the defendant 'had accumulated two (2) prior unrelated felony convictions,' under this state of the record, it cannot be discerned which of the four alleged prior convictions provided the factual basis for the jury's determination." *Id.* 417 N.E.2d at 343.

conform to statutory guidelines. Indeed, the trend of Supreme Court decisions on the subject since *Eldridge* reflects a departure from the view that an habitual offender determination will stand so long as there remain two conforming predicate convictions which were proved at trial, notwithstanding that the verdict was general and other convictions proved as predicates were subsequently determined to be nonconforming. *See Waye, supra; Nash, supra; Boarman, supra; Miller, supra.*

■ An habitual offender verdict which was based upon a predicate offense subsequently set aside for constitutional reasons must be vacated. *Coble v. State* (1986), Ind., 500 N.E.2d 1221. Spivey's 1972 conviction for violation of the Firearms Act, one of the predicate felonies of which the State offered proof during the habitual offender proceedings, was set aside subsequent to trial. In view of the general verdict form, it is impossible to know whether the jury relied upon the vacated conviction in concluding that Spivey was an habitual offender.[7] *Waye, supra; Boarman, supra; Miller, supra.* The habitual offender finding therefore must be reversed.

## II.

Spivey received the presumptive ten-year sentence for each of the two confinement convictions and for the armed robbery, to be served concurrently with one another, and the armed robbery conviction was enhanced by thirty years as a result of the habitual offender determination, for an executed sentence of forty years for that "cluster" of convictions. The court imposed the presumptive thirty-year sentence for each of the two kidnapping convictions, to be served concurrently with each other and consecutive to the sentence for the first cluster. Spivey's executed sentence therefore totalled seventy years. Spivey contends that consecutive sentences were erroneous because the court relied upon improper aggravating circumstances.

■ When sentences are imposed consecutively, the record must disclose articulated facts supporting a finding of the presence of at least one of the aggravating circumstances listed in Ind.Code 35–38–1–7.1(b), or at the court's discretion, some other relevant factor or factors justifying punishment. *Ballard v. State* (1988), Ind., 531 N.E.2d 196. We review such determination for abuse of discretion. *Arthur v. State* (1986), Ind., 499 N.E.2d 746.

One of the convictions originally stemming from the February 29, 1980 incident was set aside upon post-conviction petition. As a result, Spivey was resentenced on May 28, 1993. At the resentencing, the trial court stated that there were no mitigating circumstances at the time of original sentencing.[8] The court listed as aggravating factors Spivey's criminal history, including violent crimes, the fact that the crimes were committed while Spivey was on parole, and the crimes' impact upon the victims.

■ Spivey contends that the trial court erred in considering Spivey's prior convictions as aggravating factors because a court may not use the same prior conviction to both enhance a sentence and to support an habitual offender determination. Our Supreme Court has ruled otherwise. *See Jones v. State* (1992), Ind., 600 N.E.2d 544.

Spivey argues that the trial court erred in considering victim impact statements from the original sentencing because there had been no showing that the victims still subscribed to the views set forth in the statements, and because such are not proper aggravators in any event. Even assuming that the impact of a crime upon the victim is not a proper aggravating circumstance, a proposition which is by no means well established under Indiana law (*see, e.g., Kollar v. State*

---

7. For an excellent discussion of how this problem may be avoided in the future, we recommend *Broshears v. State* (1992), Ind.App., 604 N.E.2d 639, 643–46.

8. The court noted, however, at the time of *resentencing,* the presence of three mitigating factors: Spivey had obtained a GED certificate, a legal research certificate, and a barber certificate.

(1990), Ind.App., 556 N.E.2d 936, *trans. denied* (amount of money lost by victims and its intended future use proper aggravating factors)), Spivey's argument nevertheless fails.

■ Even where a trial court considers improper aggravating circumstances in imposing enhanced or consecutive sentences, the sentence may be affirmed if it is determined that the sentence is otherwise supported by legitimate aggravating circumstances cited by the trial court. *Ballard, supra.* Even a single aggravating circumstance will support the imposition of consecutive sentences. *Stewart v. State* (1988), Ind., 531 N.E.2d 1146. The court noted Spivey's criminal history and the fact that the crimes were committed while Spivey was on parole. Both are proper aggravators and support the imposition of consecutive sentences.

The record reveals that the trial court weighed the aggravating and mitigating circumstances existing both at the time of original sentencing, and at the time of resentencing. Although the court may not have fully articulated the balancing process, the record is sufficient to support the imposition of consecutive sentences. *Jones, supra.*

The habitual offender finding is reversed, although Spivey may be retried as an habitual offender because reversal is not predicated upon insufficient evidence. *Nash, supra.* In all other respects, the judgment is affirmed.

KIRSCH and STATON, JJ. concurs.