**Johnny ALLEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9902–CR–83.**

Court of Appeals of Indiana.

Nov. 3, 1999.

---

Jan B. Berg, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Michael R. McLaughlin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Sr. Judge.

Defendant–Appellant Johnny Allen (Allen) appeals the statutory maximum sentence of nineteen years imposed upon his convictions after a bench trial for reckless homicide, a Class C felony,[1] failure of driver to fulfill duties following an accident, a Class C felony,[2] and criminal recklessness, a Class D felony.[3] We affirm.

Allen raises two issues, which restate as:

1. Whether the trial court used invalid aggravators to justify imposing enhanced and consecutive sentences.

2. Whether the aggregate sentence of nineteen years was manifestly unreasonable.

The pertinent facts are undisputed. On August 1, 1996, Allen was driving a car well in excess of the speed limit after having consumed alcoholic beverages. Allen's fourteen year-old cousin was a passenger in the car. The car Allen was driving struck the rear-end of a truck. Allen's car then swerved into a yard and struck an eight year-old child, causing her to suffer serious bodily injuries. The car then struck a pole and turned over. Allen's cousin was seriously injured. Allen exited the car, ignored the two victims, and fled the scene of the accident. Shortly thereafter, Allen's cousin died from the injuries suffered in the accident.

Allen was tried and found guilty of the aforementioned offenses after a bench trial. The trial court imposed two enhanced eight-year terms for the Class C felonies and an enhanced three-year term for the Class D felony. The trial court ordered the sentences to run consecutively for an aggregate sentence of nineteen years with two years suspended.

Allen contends that the trial court abused its discretion by using invalid aggravators to impose enhanced and consecutive sentences. While we agree that some of the stated aggravators are invalid, we conclude that the valid aggravators are sufficient to support the sentence imposed by the trial court.

Trial courts are granted broad discretion in imposing sentences, and we will reverse only for an abuse of that discretion. *Casey v. State*, 689 N.E.2d 465, 469 (Ind.Ct.App.1997). A trial court's wide discretion extends to the determination of whether to increase presumptive penalties, impose consecutive sentences on multiple convictions, or both. *Madden v. State*, 697 N.E.2d 964, 967 (Ind.Ct.App. 1998), trans. denied. When a sentence is enhanced or consecutive sentences are imposed, the trial court must set forth a statement of its reasons for selecting a particular punishment. *Id.*

The statutory aggravators found in the general sentencing statute, Ind.Code § 35–38–1–7.1, serve as guidelines only; they do not limit the matters which the trial [court] may consider when determining what sentence should be imposed. *Shields v. State*, 523 N.E.2d 411, 414 (Ind. 1988). The trial court is solely responsible for determining the appropriate weight to accord aggravating and mitigating factors

---

1. IND. CODE § 35–42–1–5.

2. IND. CODE § 9–26–1–1 (the offense is a class C felony when the accident involves death under IND. CODE § 9–26–1–8(2)).

3. IND. CODE § 35–42–2–2(c)(1) (inflicting serious bodily injury).

in sentencing. *Id.* Even where the trial court considers improper aggravators in imposing a sentence, the sentence will be affirmed if it is otherwise supported by a legitimate aggravator. *Spivey v. State,* 638 N.E.2d 1308, 1313 (Ind.Ct.App.1994). Only one aggravator is needed to support the trial court's sentencing order. *Id.*

In reviewing the sentences imposed by the trial court, we will examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained the reasons for the sentence. *Newsome v. State,* 654 N.E.2d 11, 13 (Ind.Ct.App.1995), trans. denied. We will affirm the sentence if the record indicates that the trial court engaged in an evaluative process, and the sentence imposed was not manifestly unreasonable. *Wright v. State,* 665 N.E.2d 2, 6 (Ind.Ct.App.1996).

The trial court, in its comments at sentencing hearing and in the abstract of judgment, identified four aggravators. Allen contends that the aggravators relied upon by the trial court in imposing enhanced and consecutive sentences were invalid. We address the validity of each of the four stated aggravators below.

The first aggravator is Allen's criminal history. In the sentencing hearing, the trial court stated that its classification of Allen's criminal history as an aggravator was merely a technical notation for the record. The trial court further stated that it was giving no weight to the aggravator. This aggravator had no bearing on the trial court's sentencing decision, and no further discussion is warranted.

The second aggravator is Allen's alleged violation of the conditions of probation imposed after an earlier conviction. This aggravator was listed by the trial court even though the court had previously concluded that I don't think I could use it as an aggravator in this case just because there are too many questions about the accuracy of that time. (R. 278). This aggravator is invalid on the basis of the trial court's previous determination that the probation violation had not been established. However, we note that the trial court did not appear to give the aggravator much weight. The trial court specifically stated that the third and fourth aggravators were the most severe. (R. 295).

The trial court characterized the third aggravator as imposition of a reduced or suspended sentence would depreciate the seriousness of the offenses.... This factor is found at Ind.Code § 35–38–1–7.1(b)(4), and it is to be used in support of the refusal to reduce the presumptive sentence. See *Ector v. State,* 639 N.E.2d 1014, 1016 (Ind.1994).[4] It is not a valid factor to be used in support of the imposition of enhanced and consecutive sentences. *Sweeney v. State,* 704 N.E.2d 86, 109 (Ind.1998), cert. denied, —— U.S. ——, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999).

In its discussion of the third aggravator, however, the trial court stated three reasons for why the sentences should be enhanced and served consecutively pursuant to Ind.Code § 35–38–1–7.1(b)(4). Two of these three reasons are independent aggravating factors, and we conclude that the trial court mistakenly classified these aggravators under Ind. Code § 35–38–1–7.1(b)(4). The first factor is that Allen's crimes were particularly egregious because both of the victims were children. The second factor is that Allen's actions with reference to the offense of failure to fulfill a duty were particularly heinous and reprehensible.

At the time of the accident, the injured girl was only eight years old. Under Ind. Code § 35–38–1–7.1(b)(5), the fact that the

---

4. Our supreme court has, however, upheld a "sentence inhancement based upon a finding that a sentence less than an *enhanced* term sought by the prosecution would depreciate the seriousness of the crime ...." *Hackett v. State,* 716 N.E.2d 1273 (Ind.1999). (*quoting Ector*). (emphasis in original).

victim of the crime was less than twelve (12) years of age may be taken into consideration in determining whether the trial court should impose enhanced and/or consecutive sentences. Accordingly, the age of the injured girl was a valid aggravator.

Immediately following the accident, Allen was fully aware that he had just hit a small girl and that his cousin was seriously injured. Nevertheless, he chose to flee rather than render assistance to his cousin and the young victim. The trial court characterized this behavior as heinous, a characterization which the trial court factored into its decision to enhance Allen's conviction for failure of driver to fulfill duties following an accident.

Allen contends that the trial court should not have considered the heinous nature of fleeing the scene of the accident because such action is precisely the conduct proscribed by Ind.Code § 9–26–1–1(2)(C). This statute requires a driver involved in an accident to remain at the scene of the accident until the driver [d]etermines the need for and renders reasonable assistance to each person injured in the accident. . . .

Normally, a fact which comprises a material element of the offense may not also constitute an aggravating circumstance to support an enhanced sentence. *Shackelford v. State*, 622 N.E.2d 1340, 1346 (Ind. Ct.App.1993). However, the sentencing court may properly consider the particularized circumstances of the factual elements as aggravating circumstances. *Stewart v. State*, 531 N.E.2d 1146, 1150 (Ind.1988).

In the present case, the trial court stated that Allen left his fourteen year old relative in the car to die. The trial court further stated that Allen did not even attempt to check on the eight year old girl that had been hit by his car. The trial court's statements showed that it was considering particularized individual circumstances, as Allen's behavior was certainly more callous and reprehensible than the minimum conduct necessary to violate Ind.

Code § 9–26–1–1(2)(C). The heinous nature of Allen's actions was properly considered as an aggravator by the trial court.

■ The fourth aggravator is that Allen was a high risk to reoffend and to victimize others. In support of this aggravator, the trial court stated that Allen had neither shown insight nor given significant thought into preventing such conduct in the future. The trial court also stated that Allen did not recognize how substance abuse affected his behavior. The trial court further stated that Allen needed time for rehabilitation. We conclude that the likelihood of Allen committing a similar offense is a valid aggravator. Furthermore, we conclude that the trial court's explanation was sufficient to support the use of the aggravator.

■ Allen also contends that the aggregate sentence of nineteen years is manifestly unreasonable. We will not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B).

As stated above, the trial court appropriately relied on the statutorily authorized aggravator pertaining to the age of the eight year old victim. This aggravator is sufficient to support enhancement of the Class D felony criminal recklessness conviction. The trial court also appropriately relied on the nonstatutory aggravator pertaining to the particularized heinous nature of Allen's actions. This aggravator is sufficient to support enhancement of the Class C felony failure of driver to fulfill duties following an accident conviction. The high risk of Allen's recidivism is sufficient, standing alone, to support both the enhancement of all three convictions and the imposition of consecutive sentences. Therefore, the nineteen year aggregate sentence is supported by the trial court's reasoning, and the sentence is not manifestly unreasonable.

In determining this issue, we concede that our supreme court, as the final arbiter of state law sentencing questions, has the authority to make reductions in sentences even absent the adoption of objective criteria governing the result. However, we note that the supreme court has very recently held that "[t]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Riley v. State*, 711 N.E.2d 489, 496 (Ind.1999) (*quoting Brown v. State*, 698 N.E.2d 779, 784 (Ind.1998)); *see also Thacker v. State*, 709 N.E.2d 3, 10 (Ind.1999). The sentence in the present case is not clearly, plainly, and obviously unreasonable, and this court, as an intermediate appellate court, should not engage in usurping the trial court's authority. *See Bluck v. State*, 716 N.E.2d 507, 517–18 (Ind.Ct.App.1999) (Garrard, dissenting) (stating that, "In my view our role and mandate is to engage in principled decision making. I, frankly, find that role at odds with the notion that two out of three of us sitting as a panel from the total of fifteen judges on this court should exercise what is akin to original discretion to determine the appropriate sentence for a person where we have never seen the defendant or heard any of the witnesses").

We conclude that the trial court stated sufficient aggravators to support the imposition of enhanced and consecutive sentences. Furthermore, we conclude that the aggregate nineteen year sentence is not manifestly unreasonable.

Affirmed.

GARRARD, J., concurs.

BAILEY, J., dissents with separate opinion.

### BAILEY, Judge dissenting

I respectfully dissent. Notwithstanding society's legitimate interest in protecting itself against the most serious offenders, Indiana's criminal justice system is founded on principles of reformation and must afford offenders an opportunity for reha-

bilitation where reasonably possible. *Fointno v. State*, 487 N.E.2d 140, 144 (Ind. 1986); *Bluck v. State*, 716 N.E.2d 507, 514 (Ind.Ct.App.1999); IND.CONST. Art. I, § 18. This court is charged under the Indiana Constitution with the responsibility to review and revise sentences "to the extent provided by rule." IND.CONST. Art. VII, § 6; *Bluck*, 716 N.E.2d at 516; *Cunningham v. State*, 469 N.E.2d 1, 8 (Ind.Ct.App.1984) (although we are loath to review any sentence imposed by a trial court, we are nevertheless constitutionally mandated to do so). Appellate Rule 17(A)(3) reads as follows:

> The Supreme Court will *review sentences* imposed upon convictions appealable to that Court; the Court of Appeals *will review sentences* imposed upon convictions appealable to the Court of Appeals.

(emphasis added). Clearly, the Indiana Court of Appeals has been charged with the *responsibility* to review sentences appealable to its court to the same extent as the supreme court has with respect to the sentences appealable to that court. It is of no moment. and must be expected, that individual members of an Indiana appellate court may disagree regarding the reasonableness of a particular sentence. *See Franklin v. State*, 715 N.E.2d 1237 (Ind. 1999); *Angleton v. State*, 714 N.E.2d 156 (Ind.1999); *Carter v. State*, 711 N.E.2d 835 (Ind.1999); *Thacker v. State*, 709 N.E.2d 3 (Ind.1999) (representing four recent cases in which individual supreme court justices disagreed regarding the reasonableness of a particular sentence imposed).

Therefore, the narrow, circumscribed approach to reviewing sentences acceded to by the majority, as advocated by the dissent in *Bluck*, 716 N.E.2d at 519, is misguided and incorrect. While it may be comfortable to rubber stamp every sentence supported by the objective criteria" of one remaining valid aggravating circumstance, such a dispassionate, complacent approach constitutes an abdication of the

solemn constitutional responsibility imposed upon this court under Indiana's criminal justice system which, as stated earlier, has been founded on principles of reformation. *See* IND.CONST. Art. I, · § 18.

In the present case, as noted by the majority, the trial court properly relied upon the fact that one of the victims was eight years-old. *See* IND. CODE § 35–38–1–7.1(a)(4). The trial court also properly noted that the circumstances of the present offense were particularly egregious because Allen fled the scene of an accident in which one child was killed and another was seriously injured. *See* IND. CODE § 35–38–1–7.1(a)(2): *Smith v. State*, 675 N.E.2d 693, 698 (Ind.1996) (noting that while a material element of a crime may not also constitute an aggravating circumstance, the court may look to the particularized circumstances of the criminal act): but see *Edgecomb v. State*, 673 N.E.2d 1185, 1199 (Ind.1996) (holding that the trial court improperly relied upon its statement that the crime was 'particularly heinous,' without articulating circumstances which were not covered by other stated aggravators). Finally, the trial court properly noted that Allen, due to his immaturity and that his earlier probation had been revoked, posed a high risk of recidivism. *See* IND. CODE § 35–38–1–7.1(a)(1).

However, as Allen's two class C felony convictions were based upon the death of his passenger, the statutorily authorized aggravating circumstance of the age of the eight year-old victim applies only to the remaining class D felony Criminal Recklessness conviction. The substance of other remaining valid aggravating circumstances do not deviate significantly from the elements of the offenses involved. Allen's irresponsibility and recklessness in causing the accident were essentially material elements of the charged offenses of Reckless Homicide and Criminal Recklessness. *See Johnson v. State*, 687 N.E.2d 345, 347 (Ind.1997) (holding that the trial

court improperly relied on the defendant's motive to rob victim of approximately $400.00 as an aggravating circumstance where the taking of property was a material element of the offense charged).

Moreover, the trial court specifically found that Allen's relatively young age, 22 years, and minimal criminal history were mitigating circumstances. (R. 29, 291). The lack of a criminal record is a mitigating factor deserving "substantial mitigating weight." *Loveless v. State*, 642 N.E.2d 974, 976 (Ind.1994). However, by imposing the statutory maximum sentence, these mitigating circumstances were given absolutely no weight or were, in effect, erroneously ignored. *See Bluck*, 716 N.E.2d at 514; *Young v. State*, 696 N.E.2d 386, 391 (Ind.1998) (although weight need not be given to every mitigating factor, the trial court may not ignore mitigating factors that are clearly supported by the record). Due to the trial court's failure to afford any weight to these mitigators, which it specifically found and which were amply supported by the record, the sentence imposed is "clearly, plainly, and obviously" unreasonable. *See Riley v. State*, 711 N.E.2d 489, 496 (Ind.1999) (noting that a sentence authorized by statute will not be revised unless it is "clearly, plainly, and obviously" unreasonable); *Buchanan v. State*, 699 N.E.2d 655, 657 (Ind.1998) (noting that the statutory maximum sentence enhancement should be reserved for the very worst offenses and offenders).

After pruning out the invalid aggravating circumstances considered by the trial court, I am compelled to conclude that the trial court abused its discretion in imposing the statutory maximum sentence of nineteen years upon the twenty-two year-old offender in the present case who had no appreciable criminal history. *See Edgecomb*, 673 N.E.2d at 1199–1200 (remanding for the imposition of the presumptive sentence because, once the erroneously listed aggravating circumstances were pruned out, the trial court's enhanced sentence was manifestly unreasonable). While I

agree that the trial court was justified in entering consecutive sentences and in enhancing the sentence on the class D felony, the statutory maximum sentence is nevertheless manifestly unreasonable considering the nature of the offenses and the character of the offender. Accordingly, I would reverse Allen's sentence and remand with instructions that the trial court impose the presumptive sentences of four years on the class C felon convictions and a maximum three-year sentence for the class D felony, all to run consecutively. for an aggregate sentence of eleven years with two years suspended (4 + 4 + 3).[5]

---

**5.** The presumptive sentence for a class C felony is four years. IND. CODE § 35–50–2–6(a).

The maximum sentence for a class D felony is three years. IND. CODE § 35–50–2–7(a).