**William G. PERRY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0012–CR–558.

Court of Appeals of Indiana.

June 22, 2001.

---

Ann Sutton, Marion County Public Defender, Susan D. Rayl, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

William G. Perry appeals his eighty-year sentence after being convicted of conspiracy to commit dealing in cocaine, a Class A felony, dealing in cocaine, a Class A felony, and being adjudged an habitual offender. He presents three issues for our review, one of which we find dispositive: whether his eighty-year sentence is manifestly unreasonable.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In 1992, the trial court sentenced Perry to a ninety-year executed sentence. Specifically, the court sentenced Perry to thirty years' imprisonment for the conspiracy and dealing charges, to be served consecutively, four years' imprisonment for possessing cocaine to be served concurrently, plus an additional thirty years' imprisonment for the habitual offender adjudication. Following affirmation of his convictions on direct appeal, *Perry v. State*, 638 N.E.2d 1236 (Ind.1994), Perry petitioned for post-conviction relief. The post-conviction court granted partial relief, vacating Perry's conviction for possession of cocaine on double jeopardy grounds, and remanding for a new sentencing hearing on the issues of whether the two thirty-year sentences should be served consecutively and whether the thirty-year enhancement for the habitual offender determination was appropriate. This court affirmed the post-conviction court's denial of relief on all other grounds. *Perry v. State*, 49A02–

9904–PC–275, 725 N.E.2d 164 (Ind.Ct.App. 2000).

The post-conviction court found in pertinent part:

"The Trial Court erred in that it failed to state sufficient reasons on the record for ordering the sentences on Count I and Count II to be served consecutively. In addition, there is a lack of information in the record to establish that the Trial Court considered the range of sentence available on the Habitual Offender finding. Therefore, the thirty (30) year sentences stand on Counts I and II, however the sentencing order imposing consecutive sentences and the Habitual Offender enhancement is set aside and a new sentencing hearing is ordered solely on the issues of whether the sentences in Count I and II should be served consecutive to each other and for re-sentencing on the Habitual Offender enhancement."

*Record* at 125. On resentencing, the trial court again sentenced Perry to consecutive sentences on the conspiracy and dealing counts, in addition to twenty years on the habitual offender determination:

"Okay. Well, as pointed out, I'm very limited in what I'm to do here today, and having—looking at the order here on paragraph two, on Count One the 30–year sentence stands and I am going to find aggravating circumstances on his prior criminal history. I can't ignore that. There's a Class B attempt Robbery and Class D conviction for Possession of Cocaine, and even though there are mitigators pointed out by defense counsel today, I believe that the aggravators outweigh the mitigators and the aggravators being his prior criminal history, and I am finding those aggravators and choose to resentence him on Count Two to be consecutive with Count One for the finding of those aggravators. As

to the Habitual Offender enhancement, there is—the statute that was applicable at the time, I believe, the Court could go up to 30, but 20[sic]. And because we found aggravators in Counts One and Two, I'm going to change the 30–year enhancement to a 20–year enhancement. And so the Habitual Offender enhancement will not be 30 years, it will be 20 years. And those are the two things that I was to consider and those are the things that I've done. So there will be consecutive sentencing between One and Two for a total of 60 years on those Counts, an enhancement of 20 years on the Habitual Offender instead of the 30 years."

*Id.* at 170–71. Perry now appeals the trial court's sentencing determination.

## DISCUSSION AND DECISION

Perry contends that the eighty-year sentence is manifestly unreasonable given the nature of the offenses and his character. He maintains that he is serving more prison time than a person convicted of murder and alleges that he is not the very worst offender and did not commit the very worst offense. The State responds that "[p]urveyors of cocaine and illegal narcotic drugs are a menace to society" and urges us to defer to the trial court's sentencing discretion in affirming the sentence. *Appellee's Brief* at 5.

Sentencing decisions are entrusted to the sound discretion of the trial court, are given great deference, and will only be reversed for abuse of discretion. *Blanche v. State*, 690 N.E.2d 709, 714 (Ind. 1998). The trial court's sentencing discretion includes the determination of whether to increase presumptive penalties, impose consecutive sentences on multiple convictions, or both. *Madden v. State*, 697 N.E.2d 964, 967 (Ind.Ct.App.1998), *trans. denied.* In doing so, the trial court deter-

mines which aggravating and mitigating circumstances to consider, and is solely responsible for determining the weight to accord each of these factors. *Shields v. State*, 523 N.E.2d 411, 414 (Ind.1988); *Allen v. State*, 719 N.E.2d 815, 817 (Ind.Ct. App.1999), *trans. denied* (2000).

Although we have the authority to review and revise sentences, we will not do so unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." *Merrill v. State*, 716 N.E.2d 902, 905 (Ind.1999) (citing *Carter v. State*, 711 N.E.2d 835, 841 (Ind.1999); Ind. Appellate Rule 17(B)[1]). As our supreme court explained: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Id.* (quoting *Bunch v. State*, 697 N.E.2d 1255, 1258 (Ind.1998)). We have traditionally been reluctant to modify a sentence on appeal, provided it falls within the statutory boundaries and there is no clear evidence of abuse. *Hardebeck v. State*, 656 N.E.2d 486, 490 (Ind. Ct.App.1995).

The Indiana Constitution specifically charges this court with responsibility to review and revise sentences "to the extent provided by rule." IND. CONST. art. VII, § 6. This authority is independent from our general appellate jurisdiction. *Bluck v. State*, 716 N.E.2d 507, 516 (Ind. Ct.App.1999). The legislature has prescribed a range of penalties which trial courts may impose for each offense, including drug offenses. "The presumptive sentence assigned to a given class of felony is the penalty determined by the legislature to be appropriate for the standard crime committed by the standard criminal, in other words, where aggravators and mitigators rest at approximate equipoise." *Bustamante v. State*, 557 N.E.2d 1313, 1321 (Ind.1990). Thus, under normal circumstances, if the aggravators and mitigators are equally weighted, the trial court would likely be predisposed to impose the presumptive sentence.

In *Saunders v. State*, 584 N.E.2d 1087, 1088–89 (Ind.1992), our supreme court held that a 140–year sentence for three counts of dealing[2] and three counts of conspiracy[3] was manifestly unreasonable. Saunders received the presumptive term of thirty years for each of his four Class A felony convictions and the presumptive ten-year term for each of his two Class B felony convictions. The trial court ordered that the dealing convictions be served consecutively to the conspiracy convictions after identifying the following aggravating circumstances: 1) Saunders's criminal history; 2) the fact he committed the crimes while on parole; and 3) his likelihood of recidivism. On appeal, in explaining why Saunders's 140–year sentence was manifestly unreasonable in light of the nature of the offenses and the character of the offender, the court explained:

> "[His] two prior convictions, coupled with the fact that appellant committed the instant offenses while on parole, warrant an aggravated sentence such as that reflected in the trial court's decision to order the sentences on the dealing counts to run consecutive to one another and the sentences on the conspiracy

---

1. For appeals initiated after January 1, 2001, this provision is Appellate Rule 7(B).

2. Saunders was convicted of two counts of dealing in cocaine, Class A felonies, and one count of dealing in a schedule I controlled substance, a Class B felony.

3. Saunders was convicted of two counts of conspiracy to deal in cocaine, Class A felonies, and conspiracy to commit dealing in a schedule I controlled substance, a Class B felony.

counts to run consecutive to each other. *However, it is the trial court's decision to order that the dealing counts run consecutive to the closely related conspiracy counts that renders appellant's sentence manifestly unreasonable."* *Id.* at 1089 (emphasis added). The court ultimately remanded the case to the trial court with instructions to modify the sentencing order to require that the three sentences for dealing be served concurrently with the three sentences for conspiracy, for a total aggregate sentence of seventy years.

Recently, in *Walker v. State*, 747 N.E.2d 536, 537–38 (Ind.2001), our supreme court also held that an aggregate sentence of eighty years was manifestly unreasonable. Walker was convicted of two counts of child molesting for performing oral sex on a six-year-old boy. The trial court sentenced him to enhanced forty-year sentences on each count to be served consecutively. On appeal, the court revised Walker's sentences, ordering that they be served concurrently. In doing so, the court explained:

"The judicial amendments to the Indiana Constitution drafted in the 1960s confer a distinct responsibility on the appellate courts: 'the power to review all questions of law and to review and revise the sentence imposed.' Ind. Const. art. VII, § 4. As Judge Najam of the Court of Appeals correctly observed, 'This authority is found in the text of the Constitution and is independent from our general appellate jurisdiction.' *Bluck v. State*, 716 N.E.2d 507, 516 (Ind.Ct.App. 1999).

Those who framed these provisions had in mind the sort of sentencing revision conducted by the Court of Criminal Appeals in England. *Cooper v. State*, 540 N.E.2d 1216, 1218 (Ind.1989). The English statute establishing the Court of Criminal Appeals gave the power to review and revise sentences:

'On appeal against sentence the Court of Criminal Appeal shall, if they think that a different sentence should have been passed, quash the sentence passed at the trial, and pass such other sentence warranted in law by the verdict (whether more or less severe) in substitution therefor as they think ought to have been passed, and in any other case shall dismiss the appeal.' *Id.* (quoting Criminal Appeal Act, 1907, 7 Edward 7, ch. 23, § 4(3)).

Indiana appellate courts have exercised this responsibility over the last three decades with great restraint, recognizing the special expertise of the trial bench in making sentencing decisions. We have indicated by rule that a sentence will be modified only when it is 'manifestly unreasonable,' Ind. Appellate Rule 17(B), a very tough standard to meet.

Still, persons have an appellate right to full consideration of claims. In 1997, we amended Rule 17(B) to remove even tougher language to the effect that a sentence was not manifestly unreasonable unless 'no reasonable person' could think so. Judge Najam correctly concluded that this change 'invites more meaningful appellate review.' *Bluck[ ]*, 716 N.E.2d at 515–16. Rule 17(B) currently reads, 'The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.' *This formulation still means that trial court decisions are to be affirmed on the great majority of occasions. When this standard is met, however, the reviewing court should revise the sentence,* as the Court of Appeals did in the recent cases of *Biehl v. State*, 738 N.E.2d 337 (Ind.Ct.App.2000), *trans. de-*

*nied,* and *Mann v. State,* 742 N.E.2d 1025 (Ind.Ct.App.2001), *trans. denied."* *Id.* (emphasis added).

Applying this standard to Walker's case, the court noted that crimes committed against children are particularly contemptible. Nevertheless, although the trial court identified several aggravating circumstances, including committing the crime while on probation and fleeing the jurisdiction, there was no finding of a history of criminal behavior. Further, the court emphasized that the two separate counts of child molestation were identical, involved the same child, and resulted in no physical injury. In concluding that "this is some distance from being the worst offense or the most culpable offender," the court determined that although the aggravating circumstances justified an enhanced sentence, Walker's aggregate sentence of eighty years was manifestly unreasonable. *Id.* The court ultimately revised Walker's sentences to run concurrently. *Id.* at 538.

 In the present case, Perry was sentenced to consecutive thirty-year sentences for both the dealing and conspiracy offenses and received a twenty-year habitual offender enhancement. The presumptive sentence for a Class A felony is thirty years "with not more than twenty (20) years added for aggravating circumstances...." IC 35–50–2–4. Given Perry's offenses, we note that an eighty-year sentence is authorized by statute for the crimes he committed. However, after reviewing the Record, we conclude that this sentence was clearly, plainly, and obviously unreasonable. Here, after sentencing Perry to the presumptive terms of imprisonment for both offenses, the trial court ordered the sentences to be served consecutively, stating that Perry's prior criminal history was an aggravating factor that outweighed any mitigating circumstances. However, the trial court also re-

lied upon Perry's two prior felony convictions, consisting of Class B attempted robbery and Class D possession of cocaine, in sentencing Perry to twenty years for the habitual offender adjudication. As in *Saunders* and *Walker,* the trial court's decision to order the two convictions to run consecutive to one another renders Perry's aggregate eighty-year sentence manifestly unreasonable. The case is therefore remanded to the trial court with instructions to modify its sentencing order to require that the two sentences for dealing and conspiracy be served concurrently.

Reversed and remanded.

SHARPNACK, C.J., and MATTINGLY–MAY, J., concur.