David PANNELL, Petitioner–Appellant,

v.

Cecil DAVIS,* Respondent–Appellee.

No. 02–1198.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2002 **.

Decided Oct. 22, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

---

* Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Cecil Davis has been substituted for Dan McBride insofar as the suit is against McBride in his official capacity.

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

In 1999, David Pannell was an inmate at the Wabash Valley Correctional Facility ("WVCF") in Indiana. From January 14 through October 26 of that year, Pannell was found guilty of at least seven violations of prison regulations.[1] One of these convictions (WVE 99–08–0190) was later overturned by the prison's reviewing authority. On October 27 Pannell was charged with being a habitual rule violator, defined under prison regulations as an inmate who has been found guilty of four Class A, B, or C rule violations involving four unrelated incidents within the previous twelve months. Pannell was found guilty of this charge on November 5. Among other sanctions, he lost 270 days of earned credit time.

In early December, Pannell unsuccessfully appealed his habitual rule violator conviction to the WVCF's superintendent. On March 9, 2000, the Final Reviewing Authority of the Indiana Department of Corrections upheld the conviction. Pannell then filed a petition for habeas corpus with the district court for the Northern District of Indiana. He pointed out that a disciplinary hearing appeal had led to one of the seven convictions being overturned on November 3, and suggested that his conviction as a habitual rule violator was therefore based on insufficient evidence, and thus in violation of due process. The district court denied the petition (and the following motion for relief from judgment), noting that Pannell had received the minimal safeguards of due process, *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and the conviction had been supported by "some evidence," *Superintendent, Mass. Corr. Institution at Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). We review the district court's legal determinations *de novo, see Mahaffey v. Schomig,* 294 F.3d 907, 914 (7th Cir.2002).

■ Pannell repeats his argument that the evidence supporting his conviction was insufficient. He cites a case from the Court of Appeals of Indiana, *Spivey v. State,* 638 N.E.2d 1308 (Ind.Ct.App.1994), which reversed a habitual offender jury verdict that had been based in part on a predicate offense subsequently set aside for constitutional reasons. But aside from the questionable relevance of a state appellate court decision, and aside from whatever differences there might be between a

---

1. The seven convictions, as documented by the respondent in the district court proceedings, were as follows (with the date of each underlying incident, the date of the hearing, and the class of the violation):

| Case Number | Offense | Incident | Hearing | Class |
| --- | --- | --- | --- | --- |
| WVE 99–01–0027 | Use of an Anauthorized [sic] Narcotic | 1/06/1999 | 1/14/1999 | B |
| WVE 99–04–0089 | Fighting Between Two or More Persons | 4/12/1999 | 4/22/1999 | B |
| WVE 99–04–0118 | Intimidation | 4/16/1999 | 4/22/1999 | B |
| WVE 99–08–0190 | Refusing to Obey an Order From Any Staffmember (dismissed, 11/03/1999) | 8/24/1999 | 9/02/1999 | C |
| WVE 99–10–0018 | Possession of Tobacco Paraphernalia | 10/02/1999 | 10/19/1999 | C |
| WVE 99–10–0049 | Refusing to Obey a Direct Order | 10/06/1999 | 10/19/1999 | C |
| WVE 99–10–0111 | Possession, Introduction or Use of Any Unauthorized Substance | 10/14/1999 | 10/26/1999 | A |

"habitual offender" conviction based on state statute and a "habitual rule violator" conviction based on prison regulations, it is clear that a prison disciplinary hearing is reviewed under a different standard than a jury trial. *See Hill,* 472 U.S. at 454, 105 S.Ct. 2768 (acknowledging the special circumstances of prison disciplinary proceedings, and requiring that convictions thereunder be supported by "some evidence"). In this case, the "some evidence" standard was clearly met: even without the guilty finding in WVE 99–08–0190, there were six guilty findings based on unrelated incidents within the previous twelve months. This clearly meets the prison's definition of "habitual rule violator."

▮ Pannell's brief also seems obliquely to suggest that his habitual rule violator conviction was defective because the six remaining guilty findings were not consecutive, the series having been interrupted, as it were, by the overturned conviction in WVE 99–08–0190. We fail to understand the logic of this argument. The definition requires four convictions based on four separate incidents within the previous twelve months, which there clearly were in this case. Nowhere does it require that the convictions be consecutive.

▮ Finally, Pannell argues that the habitual rule violator charge was untimely. He notes that under prison regulations, a conduct report should be submitted within five days of an incident, or within five days of knowledge of a violation. He then argues that he became a habitual rule violator on September 2, the date of his fourth conviction. Because the screening officer did not charge him as a habitual rule violator within five days of September 2, Pannell reasons, the four violations that would have supported that charge should not be available to support a later habitual rule

violator charge. This argument likewise fails. The October 26 conviction represented an entirely separate "triggering event" for the habitual rule violator charge, which was then brought within the prescribed five days. There is no reason to think that the convictions between January 14 and September 2 were somehow "expunged" by a decision to put off making the charge until after several more violations had accrued. We conclude that Pannell's petition was properly denied.[2]

AFFIRMED.

**2.** We decline the respondent's invitation to revisit our decision in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000).