**Thomas CARTER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 285S47.

Supreme Court of Indiana.

March 26, 1986.

C. Jerome Smith, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Thomas Carter was convicted by a jury in Lake Superior Court of murder. He subsequently was sentenced to a term of fifty (50) years imprisonment. Appellant now raises the following two issues:

1. whether the trial court erred by denying his motion to suppress his confession; and

2. whether the trial court erred by admitting certain testimony.

On December 1, 1983 about 9:00 p.m., Officer Harvey of the Gary Police Department was summoned to the Interlude Motel to investigate a disturbance. A hotel employee escorted Harvey to a room with the door open, Appellant sitting inside. The employee identified Appellant as having created the disturbance. While Harvey questioned Appellant regarding the disturbance, he noticed syringes and a white powdery substance on the dresser, one syringe containing liquid and another with

blood on it. Harvey arrested Carter for possession of narcotics and took him to the Gary Police Department.

A dispatch arriving from Lake Station Police Department requested Appellant be detained for questioning. Earlier that evening Sergeant Basista of the Lake Station Police Department had investigated the stabbing of Carter's ex-wife, Cynthia, at Carter's home. Basista had learned that Cynthia had driven her red Nova to Appellant's home. She was later found stabbed to death, a broken knife lying near her purse. A bloody shirt was also found nearby which Tom Carter, Appellant's brother, identified as the shirt Appellant was wearing earlier that day.

Officers Strine and Szostek picked up Appellant at the Police Station in Gary and transported him to the Lake Station Police Department. Appellant, after having had his *Miranda* rights read to him, indicated his understanding of these rights and signed a written waiver of them. Thereafter, Szostek questioned Appellant about his ex-wife, but Appellant refused to discuss any incident in his home. Szostek then asked Appellant, "What if I were to tell you that she is in the hospital right now talking to some of our officers?" After a moment of silence, Szostek continued, "You thought she was dead didn't you?" Appellant responded affirmatively and confessed to having been with the victim earlier that day, that an argument and struggle had ensued, and she had fallen on a knife. He left her after changing clothes, thinking she was dead.

## I

Appellant asserts that his confession should have been suppressed for three reasons: it was the product of an illegal arrest, it was involuntarily extracted from him through police deception, and because Appellant was so intoxicated he did not voluntarily waive his *Miranda* rights. However, none of these arguments support a finding that the trial court erred by admitting Appellant's confession.

In support of Appellant's first contention, that his confession was the product of an illegal arrest, Appellant argues that neither the Gary Police Department nor the Lake Station Police Department had probable cause to arrest him. An individual may be arrested without a warrant when the arresting officer has reasonable and probable cause to believe the individual has committed a felony. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365, *reh. denied*. The Gary Police had reasonable cause to believe Appellant possessed a controlled substance. Officer Harvey of the Gary Police Department appeared at Appellant's hotel room at the request of security who claimed a disturbance had occurred. Harvey was led to an open hotel room where Appellant was sitting. While questioning Appellant, Harvey saw what he believed to be narcotics and some syringes on the dresser. Therefore, Harvey had reason to believe Appellant had committed a felony and had the probable cause necessary to arrest Appellant. The Lake Station Police also had reasonable and probable cause to have Appellant transferred to their station for a more serious crime investigation. At the time Officer Basista requested transfer of Appellant, he knew that Cynthia Carter, Appellant's ex-wife, had been found dead at Appellant's home that same day. Other information Basista possessed revealed Appellant's shirt, which his brother had observed Appellant wearing that day, was found near Cynthia's body with bloodstains. A knife was also found near the body. These circumstances fully warranted a reasonable and probable cause conclusion by the Lake Station officers regarding Appellant's culpability in his ex-wife's death. Accordingly, since Appellant's detention was at all times lawful, his subsequent confession was not subject to suppression.

Next Appellant argues his confession was involuntarily given because it was induced by Officer Szotek's deception. Officer Szostek admitted at trial and the State concedes that Szostek was not truthful with Appellant during their interview and intimated that Cynthia might still be

alive. However, such a fact, while relevant, is only one factor to be considered. The totality of circumstances regarding a defendant's confession must be examined in order to determine the question of voluntariness. *Frazier v. Cupp* (1969), 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684; *Wagner v. State* (1985), Ind., 474 N.E.2d 476. In *Frazier*, police officers untruthfully told the defendant during interrogation that his accomplice had been arrested and confessed, implicating Frazier. The Supreme Court, applying the "totality of circumstances" standard, held Frazier's confession was made voluntarily. In determining there was sufficient evidence to support the finding that Frazier had voluntarily confessed, the Supreme Court considered whether Frazier had been given his *Miranda* warnings, the duration of the interrogation, and the maturity and intelligence of Frazier. Appellant in the immediate case had been fully advised of his *Miranda* rights, indicated his understanding of them, was a mature individual of normal intelligence, and was not interrogated for any inordinate amount of time. Additionally, Appellant had been informed he was being investigated for the murder of Cynthia Carter. In view of these circumstances, we conclude Appellant confessed voluntarily, and that his confession was properly admitted at trial.

Finally, Appellant argues he was so intoxicated at the time of his signing the waiver of *Miranda* rights form that he did not voluntarily waive his rights. The admissibility of a statement is controlled by determining, from the totality of the circumstances, whether or not it was made voluntarily. The same test determines whether a waiver of *Miranda* rights had occurred. We review this question as we do any question of fact, that is, we do not reweigh the evidence but look to the evidence supportive of the trial court's ruling to determine if the evidence was substantial and probative and thus sufficient to sustain that ruling. *Wagner, supra.* Officer Harvey, at about 9:00 p.m., arrested Appellant on a preliminary charge of narcotics possession. Some of Appellant's responses at that time were incoherent. However, Appellant was not questioned by Officer Szostek of the Lake Station Police Department until around 11:00 p.m. The waiver form does show Appellant repeatedly wrote the letter "T" before signing his full name. However, Officer Szostek testified at trial that the ink pen used was not working initially, thus explaining why it appeared Appellant had made several attempts to write his name. Szostek also indicated that from his observations of Appellant's physical functioning and Appellant's responses to his questions, that Szostek did not believe Appellant was intoxicated at the time. Furthermore, Appellant does not even allege that the drugs ingested contained "properties which may trigger statements in a legal sense involuntary." *Layton v. State* (1973), 261 Ind. 251, 301 N.E.2d 633, 635; *see Townsend v. Sain* (1962), 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. It is clear there was substantial, though conflicting evidence, to support the trial court's finding that Appellant voluntarily signed the waiver statement. Accordingly, the trial court was not clearly erroneous in determining Appellant's confession was voluntary.

## II

Appellant contends the trial court erred by admitting impermissible hearsay testimony. Gail Komenda testified at trial that the afternoon of Cynthia Carter's death, Cynthia told her on the phone that Cynthia was going to the bank, and then to Appellant's house. Cynthia stated she was not afraid to go to Appellant's house, even though he had beaten her the week before, because someone else would be there. Hearsay is an out-of-court statement repeated in court to establish the truth of the matter contained therein. *Wagner, supra.* These statements were not offered for the truth of the matters they contained, rather they were offered to prove Cynthia's state of mind and show why she went to Carter's house. The trial court properly admonished the jury that anything the victim had told Komenda was

not admitted for the truth of what the victim told her, but could be used by them only in assessing the victim's state of mind when she left her home. Therefore, Garil Komenda's testimony was properly admitted. *Morse v. State* (1980), 274 Ind. 652, 413 N.E.2d 885, *reh. denied.*

The trial court is in all things affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.