Ronald PIERCE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–0010–CR–575.

Supreme Court of Indiana.

Jan. 29, 2002.

Terrance W. Richmond, Milan, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Ronald Pierce was convicted of criminal deviate conduct, robbery, resisting law enforcement, and being a habitual offender. He was sentenced to one hundred years imprisonment. In this direct appeal, he contends that (1) the trial court abused its discretion in admitting his confession; (2) the trial court erred in failing to grant a mistrial; and (3) there was insufficient evidence to support his convictions. We affirm the judgment of the trial court.

**Factual and Procedural Background**

On July 15, 1999, ninety-one-year-old F.K. was in her home alone when an object shattered her window. A man masked by a bandana entered, threw her to the floor, and engaged in criminal deviate conduct. He then took money from her purse and several items from upstairs. The man left on a blue bicycle.

F.K. called the police and gave a description of her attacker. Officer Lappin heard the description over his radio and saw Pierce riding a blue bicycle three blocks from F.K.'s house. When Lappin activated his lights, Pierce attempted to flee. Lappin pursued Pierce and eventually apprehended him after Pierce had abandoned his bicycle and attempted to flee on foot. The police found a bandana in Pierce's pocket. The missing items were later discovered in a yard a few blocks from the scene of the crime.

A few days later, police questioned Pierce. Pierce was advised of his rights and executed a waiver of rights form. He eventually confessed to the crimes. Pierce filed a motion to suppress the confession before trial, which was denied. At trial, a redacted version of the confession was ad-

mitted. During deliberations, the jury notified the trial court that one of the jurors had gone to the scene of the crime. After questioning the other jurors, the trial court admonished the jury and excused the investigating juror. Pierce was found guilty of criminal deviate conduct, robbery, confinement, battery, resisting law enforcement, and being a habitual offender. He was sentenced to fifty years for criminal deviate conduct enhanced by thirty years for being a habitual offender. This sentence was ordered to be served consecutively with twenty years for robbery and concurrently with three years for resisting law enforcement. Pierce was not sentenced on the confinement and battery convictions.

**I. Pierce's Confession**

Pierce first challenges the admission of his confession because it "was involuntary and coerced, and obtained by the police officers' lies, deception, and brainwashing and in which Pierce asked the questioning be stopped until the DNA results were received." Pierce filed a pretrial motion to suppress the confession. The record is incomplete but apparently the motion was denied. At trial, Detective Vincent Burke of the Indianapolis Police Department testified that he conducted an interrogation of Pierce, in which Pierce "confessed and when he confessed he, basically, told us what happened." There was no objection to Burke's testimony. In cross-examining Burke, Pierce asked a number of questions about the interrogation and confession. These included inquiries into the location of the interrogation, the number of police officers present, the length of the interrogation, and the questions asked of Pierce and his answers. The State claims that, under these circumstances, Pierce failed to preserve his objection to the admission of the confession. Pierce claims that he did object to the evidence. We need not resolve the waiver

issue because we conclude that the confession was admissible.

■ The trial court's ruling as to the voluntariness of a confession is sustained if it is supported by substantial, probative evidence of voluntariness. *Horan v. State,* 682 N.E.2d 502, 510 (Ind.1997). We do not reweigh the evidence. *Id.* After an officer read Pierce his rights, and Pierce signed a waiver form, Pierce gave a two-and-one-half hour confession, which was taped. As evidence of coercion and threats by police, Pierce points to various interrogation techniques, including "good cop, bad cop," providing a morally acceptable answer, blaming the victim, and bargaining. The trial court made detailed findings on this issue after listening to argument on the day of trial. The determination that Pierce's statement should be admitted is supported by substantial evidence and is consistent with precedent.

■ Pierce claims that the police "talked about the prosecutor giving him a deal." Statements by police expressing a desire that a suspect cooperate and explaining the crimes and penalties that are possible results are not specific enough to constitute either promises or threats. *Massey v. State,* 473 N.E.2d 146, 148 (Ind. 1985). As in *Massey,* Pierce "was not subjected to any lengthy interrogations and there is no evidence of any physical abuse or coercive action by the police which logically would have misled defendant or overborne his will in regard to his voluntary statement." *Id.; accord Roell v. State,* 438 N.E.2d 298, 300 (Ind.1982) (confession was admissible where officers did not threaten or mislead defendant). Nor is the use of the "good cop, bad cop"

interview technique in itself a basis for exclusion of a confession. *See, e.g., Houser v. State,* 678 N.E.2d 95, 102 (Ind.1997).[1] Pierce also argues that "[o]ne can clearly see the intent of the interrogation was to get a confession from Pierce." This may be true, but that objective does not amount to "brainwashing" or render Pierce's confession involuntary.

■ Pierce argues that police deception contributed to making his confession involuntary. The police told Pierce that they had preliminary DNA evidence linking him to the crime. The State concedes that this claim was false. As this Court has noted, "police deception does not vitiate a Miranda waiver and render a confession inadmissible, but is rather one consideration that must be viewed in determining the 'totality of circumstances.'" *Willey v. State,* 712 N.E.2d 434, 441 (Ind.1999). In *Carter v. State,* the defendant argued that his confession was involuntary due to police deception and his intoxication. 490 N.E.2d 288, 290–91 (Ind.1986). This Court held the confession properly admitted where the defendant "had been fully advised of his Miranda rights, indicated his understanding of them, was a mature individual of normal intelligence, and was not interrogated for any inordinate amount of time." *Id.* at 291. The same is true here.

■ Pierce is correct that police deception, in this case the false claim of a DNA match, weighs against voluntariness. *Henry v. State,* 738 N.E.2d 663, 665 (Ind. 2000). But that factor is not dispositive. The trial court concluded that the totality of the circumstances did not vitiate Pierce's waiver of rights or render his confession involuntary. Pierce signed a

---

1. Pierce also claims that he asked the police officers to stop the interrogation, but they continued to question him. He does not provide a citation to the transcript. The closest thing we can find to a request to stop the interrogation is "me and you stops right there." This statement is immediately preceded and followed by admission of various crimes, all in the course of a dialog. It does not appear to be a request to stop the interrogation, and certainly is not a clear request.

waiver of rights and indicated that he understood his rights, Pierce did not ask for an attorney, and he was not intoxicated. No threats or force were used. There is substantial evidence supporting the trial court's admission of Pierce's confession as voluntary. *Kahlenbeck v. State*, 719 N.E.2d 1213, 1216–18 (Ind.1999).

## II. Mistrial

■■■ Pierce claims that the trial court erred in twice denying a motion for a mistrial during the trial. The decision to grant or deny a motion for a mistrial lies within the discretion of the trial court. *Heavrin v. State*, 675 N.E.2d 1075, 1083 (Ind.1996). A mistrial is an extreme remedy granted only when no other method can rectify the situation. *Id.* On appeal, in order to succeed from the denial of a mistrial, the defendant must demonstrate that the conduct complained of was both error and had a probable persuasive effect on the jury's decision. *Jackson v. State*, 728 N.E.2d 147, 151 (Ind.2000); *Kelley v. State*, 555 N.E.2d 140, 141 (Ind.1990).

### A. *Redacted Statement*

■■■ Pierce first argues that a mistrial should have been granted when the trial court admitted a redacted version of Pierce's statement because all references to Pierce's prior bad acts were not removed from the statement. The State and Pierce had agreed to redact references to other pending charges. Redactions were made and the document was presented to the court. At that point Pierce was given an opportunity to suggest further revisions and suggested one change. The trial court then gave the transcript to the jury. Although this was a lengthy transcript, it was Pierce's obligation to notify the trial court of any errors before the jury read the transcript. Because he was given an opportunity to challenge the redacted transcript and he did not do so, Pierce has waived this issue. *Cf. Whittle v. State*, 542 N.E.2d 981, 985 (Ind.1989) (defendant waived claim where the trial court presented him with the opportunity to raise any potential conflict of interest, but no objection to joint representation was made), *overruled on other grounds by Scisney v. State*, 701 N.E.2d 847 (Ind.1998).

### B. *Juror Misconduct*

■■■ Pierce also claims that the trial court erred by denying a mistrial when, during deliberations, the jury sent a note to the trial court stating that one of the jurors, Maynard, had driven by the victim's home to look at a street light. The trial court brought the jury out for questioning. The remaining jurors told the trial court that they stopped Maynard from telling them anything more than the fact that she had driven by the site of the crime. The trial court asked the jury if this information would affect deliberations and all denied that it would. The trial court then questioned each juror individually on whether he or she could disregard Maynard's report. All agreed they could. The trial court then dismissed Maynard and asked Pierce if he would like an additional admonishment. Pierce declined.

The trial court took great care to deal with a difficult situation and there is no showing of any prejudice to Pierce. Under these circumstances, the trial court did not abuse its discretion in denying his motion. *Jackson*, 728 N.E.2d at 151.

### III. Sufficiency of the Evidence

■■■ Pierce finally contends that there was insufficient evidence to support his convictions. He bases this contention on the fact that the majority of the evidence is circumstantial and claims that the State did not prove he attacked F.K. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Spurlock v. State*, 675 N.E.2d 312, 314 (Ind. 1996). We look to the evidence and the

reasonable inferences therefrom that support the verdict and will affirm a conviction if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.* Circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt. *Franklin v. State,* 715 N.E.2d 1237, 1241 (Ind.1999).

 There is sufficient evidence to support Pierce's convictions. He confessed to breaking into F.K.'s house, putting his penis between her legs, and taking her property. Although her attacker was wearing a bandana and F.K. could not identify him, she testified that a man broke into her house, inserted his penis into her rectum, and stole items from her house. Her testimony was corroborated by physical evidence, including a torn rectum and sperm found in her rectum. She testified that the perpetrator rode off on a blue bicycle. Police found Pierce three blocks from F.K.'s house shortly after the attack on a bicycle. He attempted to escape from the police, first on the bicycle and then on foot. Pierce matched F.K.'s general description and had a bandana in his pocket. This was sufficient evidence to convict Pierce of criminal deviate conduct, robbery, and resisting law enforcement. Pierce presents no challenge to the sufficiency of the evidence with respect to his habitual offender enhancement.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.