**Larry A. GARMON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A02–0202–CR–152.**

Court of Appeals of Indiana.

Oct. 7, 2002.

---

Geoffrey B. Yelton, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Larry A. Garmon appeals his conviction of Child Exploitation,[1] a class C felony, presenting the following restated issues for review:

1. Did the trial court err in denying Garmon's motion to suppress evidence?

2. Was a corpus delicti sufficiently established to permit admission of Garmon's statements?

We affirm.

The facts favorable to the conviction are that in April of 2002, Garmon was on parole in Madison County, Indiana for a 1990 conviction in Kansas for aggravated sodomy, indecent liberties with a child. On April 17, 2001, Betty J. Weist, Garmon's parole officer, went to Garmon's residence, where Garmon lived with his father. Weist was joined there by Sherry Curlis, Garmon's substance abuse counselor, and Detective Andy Byers of the Indiana State Police. Weist, Curlis, and Byers were called there to investigate an allegation that Garmon violated the conditions of his parole. The three were met by Larry Garmon, Sr., who took them to a computer located in Garmon's room. Garmon Sr. logged on to the computer, where they discovered images of juvenile males in varying states of undress, some engaged in sex acts. Weist determined that the images on Garmon's computer constituted a violation of his parole. Detective Byers seized the computer and its components and subsequently obtained a search warrant for the contents of the computer. The cyber-crimes unit of the Indiana State Police searched the contents of Garman's computer, where they discovered a file labeled "Good Ones" that contained many photographs of nearly nude or nude young boys engaged in various sex acts.

Detective Byers interviewed Garmon on April 23, 2001 after he first advised Garmon of his *Miranda* rights. Garmon stated that he visited gay chat rooms on the internet, where he traded photographs of juvenile males such as those found on his computer on April 17. Garmon admitted that he sent and received such photos. Detective Byers interviewed Garmon again on April 27. Garmon again waived his rights and then reiterated the information he gave in the first interview. During the second interview, Garmon specifically identified photos found on his computer. Garmon was charged with child exploitation and possession of child pornography, and convicted on both counts. For double jeopardy reasons, the trial court did not enter judgment of conviction on the possession of child pornography verdict.

1.

■ Garmon contends that the statements he gave to Detective Byers on April 23 and 27 were not voluntary, and thus the trial court erred in admitting them into evidence at trial. This claim is based upon the argument that he was improperly induced to make the incriminating statements by erroneous assurances that he faced only misdemeanor charges in connection with the images.

■ The Fourteenth Amendment of the United States Constitution incorporates the Fifth Amendment's privilege against self-incrimination. *Withrow v. Williams*, 507 U.S. 680, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993). Therefore, to be ad-

---

1. Ind.Code Ann. § 35–42–4–4(b)(1) (West 1998).

missible consistent with those provisions, a suspect's confession must be voluntarily given. *Carter v. State,* 686 N.E.2d 1254 (Ind.1997). The admissibility of a confession is to be determined by the trial court based on an evaluation of the totality of the circumstances. When making this determination, the trial court determines whether the confession was voluntarily made, and not provided through inducement, violence, threats, or other improper influences. *Id.* We review the trial court's ruling in that regard without reweighing the evidence, and determine if there was substantial evidence of probative value to support it. *Id.* When a challenge to the admissibility of a confession is made, the State must prove beyond a reasonable doubt that the confession was voluntary. *Id.*

The voluntariness of a confession affects the admissibility as well as the weight and credibility to be afforded that confession. A distinction must be made between the competency of a confession as evidence and its probative value. Indiana law allocates the determination of competency and credibility of a confession between the judge and jury. Admissibility is to be determined by the court, not the jury ... whereas credibility is a determination for the jury, not the court.

*Morgan v. State,* 648 N.E.2d 1164, 1169 (Ind.Ct.App.1995) (citations omitted).

Detective Byers testified as follows concerning the substance of his first interview with Garmon:

Q Detective, did you have any discussions with Mr. Garmon about the potential penalties he was facing?

A To a point I kind of explained that it was a decision, for what charges were filed were not up to me, it was up to the Prosecutor's Office. That was up to their discretion.

Q Did you tell him that it was, at most, a Class A Misdemeanor?

A I don't believe I gave him a maximum, a minimum was zero, that the prosecutors declined to file any charges, that was a possibility, but after that, it was not up to me.

Q Then isn't it true that you explained to him that possession of child pornography was an A misdemeanor, but you did not say anything about child exploitation was a Class C Felony? Is that a fair statement?

A I recall explaining the charge for possession of child pornography is an A misdemeanor. I don't recall if I did explain the C felony aspect of it.

*Transcript of Evidence* at 13. According to Garmon, the foregoing demonstrates that he was induced to confess by what amounted to false promises of leniency.

We observe first that it is not entirely accurate to characterize the statements in question as "promises." Rather, it appears that they were merely expressions of Byers's opinion concerning the charges and potential penalties that Garmon might be facing. In any event, our supreme court has held that statements by police during arrests or interviews that explain possible crimes and penalties that might result "are not specific enough to constitute either promises or threats." *Kahlenbeck v. State,* 719 N.E.2d 1213, 1217 (Ind. 1999).

We find *Kahlenbeck* to be particularly instructive in the instant case. In that case, the State conceded that police officers had made false statements during an interview of the defendant. The court noted, however, that police deception does not automatically vitiate a *Miranda* waiver, thereby rendering a confession inadmissible. Rather, it is one of the factors that must be considered in determining the to-

tality of circumstances. *Id.* Moreover, the court cited a previous case in which it held that a confession was admissible even though police deception had been involved. *See Carter v. State*, 490 N.E.2d 288 (Ind. 1986). The court quoted language from *Carter* to the effect that a confession is properly admitted in that circumstance where the defendant "had been fully advised of his Miranda rights, indicated his understanding of them, was a mature individual of normal intelligence, and was not interrogated for any inordinate amount of time." *Kahlenbeck v. State*, 719 N.E.2d at 1217–18 (quoting *Carter v. State*, 490 N.E.2d at 291).

What was true in *Kahlenbeck* and *Carter* is true here. Even assuming for the sake of argument that Detective Byers mislead Garmon during the interview, the trial court did not abuse its discretion in the admitting Garmon's statements.

### 2.

█ Garmon contends that the State failed to establish a corpus delicti sufficient to permit admission of Garmon's statements.

█ The purpose of the corpus delicti rule to which Garmon refers is to prevent the admission of a defendant's confession to a crime that never occurred. *Weida v. State*, 693 N.E.2d 598 (Ind.Ct.App.1998). Its principles have been summarized by our supreme court as follows:

> In Indiana, a crime may not be proven based solely on a confession, and admission of a confession requires some independent evidence of the crime including evidence of the specific kind of injury and evidence that the injury was caused by criminal conduct. However, this evidence need not prove that a crime was committed beyond a reasonable doubt, but merely "provide an inference that a crime was committed." [Stevens v. State, 691 N.E.2d 412, 425 (Ind.1997)].

Finally, this inference of a crime may be established by circumstantial evidence. *Workman v. State*, 716 N.E.2d 445, 447–48 (Ind.1999) (some citations omitted).

Garmon contends that his admission that he disseminated the images found on his computer is the only evidence of the crime of child exploitation. This argument completely ignores the dozens of pornographic images found in his computer. Of course, we understand that Garmon is arguing that there must be a corpus delicti (viz., a body or tangible proof) with respect to the *element of dissemination* in the crime of child exploitation. This view stretches the principle too far. In fact, our supreme court has stated that "[t]he independent evidence need not be shown beyond a reasonable doubt nor demonstrate prima facie proof as to each element of the charged offense, but must support an inference that the crime was committed." *Johnson v. State*, 653 N.E.2d 478, 480 (Ind.1995) (quoting *Willoughby v. State*, 552 N.E.2d 462, 467 (Ind.1990)).

In the instant case, the images on Garmon's computer provided the corpus delicti for the crime of child exploitation. Those images, in combination with evidence concerning the means utilized by Garmon to acquire them and the method he employed to store them were sufficient circumstantial evidence to provide an inference that the offense of child exploitation had been committed. *See Workman v. State*, 716 N.E.2d 445 (Ind.1999). Therefore, the trial court did not err in determining that the State established a sufficient corpus delicti to admit Garmon's confession.

Judgment affirmed.

SHARPNACK, J., and NAJAM, J., concur.