James M. **BONER**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 26A05–0303–CR–114.

Court of Appeals of Indiana.

Oct. 10, 2003.

Lisa A. Moody, Princeton, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant James M. Boner appeals his conviction for Possession of a Controlled Substance,[1] a class D felony. Specifically, Boner argues that the trial court erred in denying his motion for a mistrial after a police officer offered improper hearsay testimony. Boner also argues that he was improperly sentenced because the trial court failed to correctly weigh the relevant aggravating and mitigating circumstances, and he further claims that his conviction must be set aside because the State failed to prove that he possessed the drug. Concluding that the trial court's admonishment cured the potential prejudice that may have inured to Boner, that the evidence was sufficient and that Boner was properly sentenced, we affirm.

## FACTS

On August 3, 2002, Princeton Police Officer Mike Hurt stopped Craig Hardiman's vehicle for speeding near the city's fire station. At the time, Hardiman was driving and Boner was a front seat passenger in the car. When Officer Hurt approached the vehicle, he observed a cup holder and a large plastic bag with crushed white powder in it, lying on the console of the floorboard. Although Officer Hurt suspected that the substance was some type of drug, Hardiman told him that he did not know what it was. He then told Officer Hurt that the car could be searched, whereupon Boner exited the car at Officer Hurt's request.

As the search commenced, Officer Hurt discovered Walmart bags, wooden spoons, plastic jugs and camp fuel in addition to the bag of crushed powder. Also found were coffee filters, an empty lithium battery pack and a folded dollar bill next to the passenger seat. Officer Hurt also searched Boner and found a Walmart receipt for the camp fuel. Hardiman possessed a receipt for the other items. Based on his experience as a police officer, Officer Hurt recognized that the Walmart receipts contained at least one "precursor" for the production of methamphetamine. Both men were arrested and tests conduct-

---

1. Ind.Code § 35–48–4–7.

ed on the items revealed the presence of methamphetamine on the dollar bill and the bag of crushed powder tested positive for ephedrine.

As a result of the incident, Boner was charged with the above offense. At a jury trial that commenced on January 21, 2003, Boner requested a mistrial after Officer Hurt testified that Hardiman told him the drugs were not his, thereby implying that they belonged to Boner. The trial court instructed the jury to disregard Hardiman's statement because it was hearsay and denied the motion for mistrial. In the admonishment, the trial judge defined the term "hearsay" for the jury and determined that the jurors would be able to disregard Officer Hurt's statement. Tr. p. 72.

The jury ultimately convicted Boner of the offense and, at the sentencing hearing, the trial court noted the following aggravating factors: (1) Boner's prior criminal history; (2) his positive drug tests for cannabis and methamphetamine on the final day of trial and the day he was arrested; and (3) his sworn statement that he had never used methamphetamine because he suffered from a heart condition. As a mitigating factor, the trial court observed that Boner supported his family and dependents. It was then determined that the aggravators outweighed the mitigating circumstance, and Boner was sentenced to a two-year period of incarceration. He now appeals.

## DISCUSSION AND DECISION

### I. Motion for Mistrial

 Boner first contends that the trial court erred in denying his motion for a mistrial. Specifically, he contends that Officer Hurt's testimony regarding Hardiman's comment made to him at the time of arrest that the drugs were not his, fol-

lowed by the statement "you know whose that is," constituted an evidentiary harpoon that could not be properly cured by an admonishment. Appellant's Br. p. 7.

 In addressing this issue, we note that the decision whether to grant a mistrial is within the trial court's discretion. *Booher v. State*, 773 N.E.2d 814, 820 (Ind. 2002). The trial court's denial of a mistrial will be reversed only where the defendant demonstrates that the conduct complained of was both error and had a probable persuasive effect on the jury's decision. *Pierce v. State*, 761 N.E.2d 821, 825 (Ind. 2002). More succinctly, the appellant must establish that the questioned conduct "was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected." *Mickens v. State*, 742 N.E.2d 927, 929 (Ind.2001). A mistrial is an extreme remedy used only when no other curative measure will rectify the situation. *Moore v. State*, 652 N.E.2d 53, 57 (Ind.1995). Finally, we note that a timely and accurate admonishment is presumed to cure any error in the admission of evidence even assuming that the offending statement may have been an evidentiary harpoon. *Kirby v. State*, 774 N.E.2d 523, 535–36 (Ind.Ct.App.2002), *trans. denied.*

In the instant case, the trial court ordered Officer Hurt's testimony as to what Hardiman allegedly told him about who owned the drugs stricken from the record. The judge then addressed the jury as follows:

Hearsay is somebody outside the Court saying something to a witness that's in the court, and then what they supposedly said or didn't said [sic] outside the Court being admitted for the truth of what was said. For example, I can tell you my daughter told me that she has a lovely cat. Now, you can listen to me say that, and you can judge whether I'm

saying something true or not, but you have no idea whether my daughter actually has a lovely cat. Correct? So, that's someone outside the Court, my daughter, saying something, and me trying to tell you that my kid has a lovely cat. Just simply because she told me she did. In other words, you can't reach over here and look at my kid saying that and determine whether or not they actually said it. The same thing here. Okay? In this instance, Mr. Hardiman isn't here for you to look and see what he said. Okay? Anybody have any trouble disregarding the officer's statement? All indicate negatively. Mis-trial denied.

Tr. p. 72.

In light of this timely and accurate admonishment, it is apparent to us that the trial court assessed the potential harm to Boner and decided that the instruction to the jury sufficiently alleviated it. We agree that the admonishment cured the improper admission of the testimony and Boner has failed to demonstrate that this evidence placed him in a position of grave peril that would warrant a mistrial.

In a similar vein, we applaud the substance of the admonishment that the trial court issued to the jury. We specifically commend the judge's explanation for disregarding the inadmissible and potentially prejudicial testimony that was offered by Officer Hurt. In a recent case, we observed that juries may be more likely to adhere to an admonishment issued by the trial court if they are informed of the reason for disregarding the inadmissible evidence. *Glenn v. State*, 796 N.E.2d 322, 325–26 (Ind.Ct.App. 2003). Commentators tend to agree that "an effective system of justice requires the correct application of the court's intentions as expressed in [the] instructions." *Id.* at 325 (quoting Joel D. Lieberman & Bruce D. Sales, *Jury In-structions: Past, Present, and Future*, 6 Psychol. Publ. Pol'y & L. 587 (2000)). This is precisely what the trial judge did here in articulating the reason why Officer Hurt's testimony was not to be considered. As a result, Boner has failed to establish that the denial of his motion for a mistrial constituted reversible error. Finally, we would encourage our trial judges to issue admonishments similar to that which was given here as the facts and circumstances of the particular case may warrant.

## II. Sufficiency of the Evidence

■ Boner next argues that the evidence was insufficient to support his conviction. Specifically, Boner maintains that his conviction must be set aside because the State failed to establish that he was in constructive possession of the methamphetamine.

The standard for reviewing sufficiency of the evidence claims is firmly established. We neither reweigh the evidence nor judge witnesses' credibility, and if there is sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will stand. *Dixon v. State*, 777 N.E.2d 110, 114 (Ind.Ct.App. 2002). We will examine only the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom, and if there is substantial evidence to support the conviction, it will not be set aside. *Sears v. State*, 668 N.E.2d 662, 670 (Ind.1996). Thus, we will affirm Boner's conviction unless we conclude that no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Bethel v. State*, 730 N.E.2d 1242, 1244 (Ind.2000) (citing *Webster v. State*, 699 N.E.2d 266, 268 (Ind.1998)).

■ We also observe that constructive possession occurs when it is established that a defendant has the intent and capability to maintain dominion and con-

trol over the particular item. *Wallace v. State*, 722 N.E.2d 910, 913 (Ind.Ct.App. 2000). Proof of dominion and control of contraband has been found through a variety of means, including attempted flight or furtive gestures and proximity of the contraband to the defendant. *Id.* To prove intent, the State must demonstrate the person's knowledge of the contraband's presence. *Whitney v. State*, 726 N.E.2d 823, 826 (Ind.Ct.App.2000). We have held that knowledge may be inferred from either the exclusive dominion and control over the premises containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id.*

Although Boner submits that no evidence was offered at trial associating him with the methamphetamine, the record shows that Officer Hurt found the dollar bill containing the drug next to the passenger seat of the car where Boner was riding. Tr. p. 15, 19–21, 26, 65–66. Another officer who arrived on the scene testified that that the dollar bill was next to the seat belt retractor on the passenger side. Tr. p. 43. Inasmuch as no one else had access to the area where the drug was found, it was reasonable to infer that Boner knew of the presence of the drug and that he could have maintained exclusive dominion and control over it in light of his proximity to it.

Officer Hurt also knew from his experience as a police officer that the other items recovered from the vehicle are used in manufacturing methamphetamine. Tr. p. 17–19. Boner possessed a sales receipt for the purchase of several of those items, and he admitted to Officer Hurt that the camp fuel was his. Tr. p. 18. Indiana Code section 35–48–4–14.5(a) specifically lists ephedrine and lithium metal as precursors to the manufacture of controlled sub-stances. Those two items were found in the vehicle. Inasmuch as numerous items that could be used to manufacture methamphetamine were also in the vehicle where Boner was riding, this is additional evidence that he was aware of the presence of the drug and that he intended to maintain dominion and control over it. Under these circumstances, we conclude that the evidence was sufficient to convict Boner of the charged offense.

### III. Sentencing

Boner next contends that his sentence was inappropriate. Specifically, Boner argues that the sentence may not stand because the trial court ignored certain mitigating circumstances that were apparent from the record. He also argues that the trial court did not properly balance the relevant aggravating and mitigating circumstances in determining the sentence that should be imposed.

In addressing this issue, we initially observe that this court will not revise a sentence authorized by statute unless it is inappropriate in light of the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B). Under Appellate Rule 7(B), a court is to initially focus on the presumptive sentence that may be imposed following a conviction for a particular class of felony. *Rodriguez v. State*, 785 N.E.2d 1169, 1179 (Ind.Ct.App.2003), *trans. denied.* In determining whether a sentence is appropriate, we consider the factors listed as aggravators and mitigators under Indiana Code section 35–38–1–7.1, each of which is merely "an amplification" of the considerations of the nature of the offense and character of the offender addressed by Appellate Rule 7(B). *Id.* at 1176–77.

Similarly, the trial court is not required to find mitigating factors, or to accept as mitigating, the circumstances

proffered by the defendant. *Powell v. State*, 751 N.E.2d 311, 317 (Ind.Ct.App. 2001). Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was overlooked. *Kien v. State*, 782 N.E.2d 398, 415 (Ind.Ct.App. 2003). However, it is in the sole discretion of the trial court to determine which aggravating and mitigating circumstances to consider, and to determine the weight accorded each of these factors. *Perry v. State*, 751 N.E.2d 306, 309 (Ind.Ct.App. 2001). Moreover, the trial court is not obligated to explain why it has found that a proffered mitigating factor does not exist. *Creager v. State*, 737 N.E.2d 771, 782 (Ind.Ct.App.2000), *trans. denied.*

 With respect to aggravating circumstances, the existence of only one is sufficient to support an enhanced sentence. *Buzzard v. State*, 712 N.E.2d 547, 554 (Ind. Ct.App.1999), *trans. denied.* When the sentencing court improperly applies an aggravating circumstance but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. *Bacher v. State*, 722 N.E.2d 799, 803 (Ind.2000).

 Before imposing the sentence, the trial court must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating and mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators. *Powell*, 751 N.E.2d at 315. We examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained the reasons for the sentence. *Id.* A sentence enhancement will be affirmed, if after due consideration of the trial court's decision, this court finds that the sentence was appropriate in light of the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B).

The presumptive sentence for possession of a controlled substance as a class D felony is one-and-one-half years, with not more than one-and-one-half years added for aggravating circumstances and not more than one year subtracted for mitigating circumstances. Ind.Code § 35–50–2–7(a). Here, Boner attacks the trial court's imposition of the two-year sentence because it "failed to acknowledge the various mitigating circumstances" that were supported by the record and goes on to assert that the trial court was "only able to name one statutory aggravating circumstance." Appellant's Br. p. 12.

In this case, Boner directs us to Indiana Code section 35–38–1–7.1, arguing that the trial court failed to take the following mitigating circumstances into account:

The court may consider the following factors as mitigating circumstances or as favoring suspending the sentence and imposing probation:

(6) The person has no history of delinquency or criminal activity, or the person has led a law-abiding life for a substantial period before commission of the crime.

(7) The person is likely to respond affirmatively to probation or short term imprisonment.

(8) The character and attitudes of the person indicate that the person is unlikely to commit another crime.

. . . .

(10) Imprisonment of the person will result in undue hardship to the person or the dependents of the person.

The record reflects that Boner had prior convictions for theft and driving while intoxicated. Appellant's App. p. 24. While he may not have had any convictions with-

in fifteen years of the trial in this case, the trial court was not required to apply any more weight to that fact over the fact that Boner had a criminal history. Moreover, Boner had a pending criminal charge for disorderly conduct on the day he was sentenced. Appellant's App. p. 181, 183. This undermines Boner's argument that he is unlikely to commit another offense.

Additionally, while Boner points out that he originally had been placed on work release, he tested positive for cannabis and methamphetamine during that period. Appellant's App. p. 29. Specifically, Boner admitted at the sentencing hearing that he purchased marijuana and methamphetamine from Hardiman two days before the trial commenced. Appellant's App. p. 178–79. In light of these circumstances, it was reasonable for the trial court to conclude that Boner should not be permitted to continue with work release and, instead, face a stricter penalty. Tr. p. 166, 185–86. Finally, while the trial court considered the effect of Boner's incarceration on his children, it was not required to find this a significant mitigator. *See Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind.1999) (recognizing that absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship where the defendant has one or more children).

Turning to the aggravating factors found by the trial court here, we note that the sentencing statement sets forth a number of circumstances that indeed outweigh the purported mitigating factors. Specifically, Boner's positive drug tests during the pendency of the trial, the false statement that he had never used methamphetamine and his criminal history all indicate that Boner's sentence could be enhanced in excess of the presumptive sentence. Inasmuch as the aggravating circumstances found by the trial court demonstrated Bon-

er's disdain for the court's procedures and he has failed to show that the allegedly overlooked mitigators were of any significance, we conclude that the trial court properly determined that the aggravating circumstances outweighed the mitigators. Thus, the two-year sentence was appropriate.

Judgment affirmed.

BROOK, C.J. concurs.

SHARPNACK, J., concurs fully except concur in result as to Issue I.