**Julie Ann ROBESON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 30A01–0505–CR–185.**

Court of Appeals of Indiana.

Sept. 28, 2005.

Rehearing Denied Nov. 29, 2005.

Nicole A. Zelin, Greenfield, IN, for Appellant.

1. Ind.Code § 35–42–1–3.

2. Xanax is used to relieve anxiety, nervousness, and tension associated with anxiety disorders. Xanax is also used to treat panic disorders. *See Drugs.com: drug information online* at http://www.drugs.com/xanax.html (last visited August 30, 2005).

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Julie Ann Robeson appeals her sentence for her conviction of Voluntary Manslaughter,[1] a class B felony. Specifically, Robeson argues that the trial court erred in considering her Pre-sentence Investigation Report (PSI) in imposing an aggravated sentence and in sentencing her in excess of the presumptive term. Finding that the trial court properly considered the PSI and finding no other error, we affirm the judgment of the trial court.

### FACTS

On August 13, 2004, Robeson invited Darren Johnson, with whom she had an intimate relationship, to her residence. Upon his arrival, Johnson informed Robeson that he had reason to believe that he was HIV positive and that he had had an affair in which he had not been careful to protect himself from sexually transmitted diseases. Johnson then told Robeson that he had infected her through their unprotected sex. Robeson became furious, and she and Johnson argued. Robeson then told Johnson that he needed to calm down, so she gave him between six and eight Xanax[2] that had been prescribed to her, believing that this dosage would harm Johnson. Later, Robeson gave Johnson Seroquel[3] and more Xanax, knowing that

3. Seroquel is an antipsychotic medication used to treat the symptoms of psychotic conditions, including hallucinations delusions, and confusion. *See Drugs.com: drug information online* at http://www.drugs.com/seroquel.html (last visited August 30, 2005).

it would be a lethal dosage. Robeson then fell asleep on the couch. When she awoke at 1:30 a.m., she found Johnson passed out and breathing heavily. Robeson knew that Johnson was overdosing but took no action to assist him. Robeson went back to sleep, and when she woke up at 5:30 a.m., Johnson was dead.

On September 27, 2004, the State charged Robeson with murder. The State later charged Robeson with forgery, felony murder, and voluntary manslaughter. On March 2, 2005, Robeson pleaded guilty to voluntary manslaughter in exchange for the State's dismissal of the remaining charges. At the sentencing hearing, Robeson's attorney objected to the trial court using the PSI "as it was not properly authenticated." Tr. p. 6. Over this objection, the trial court considered Robeson's "lengthy history of prior criminal convictions" as revealed by the PSI to be the sole aggravator. Tr. p. 24. The trial court found that the fact that Robeson has two small children was a mitigator but that the aggravator far outweighed the mitigator. The trial court therefore sentenced Robeson to the maximum term of twenty years. Robeson now appeals.

## DISCUSSION AND DECISION

■ Robeson contends that the trial court improperly used the PSI to aggravate her sentence. Specifically, she argues that the PSI was not properly authenticated pursuant to Trial Rule 44 and that her prior convictions were not serious enough to warrant a maximum sentence.

### I. Pre-sentence Investigation Report

Indiana Trial Rule 44 provides in relevant part:

(A) Authentication.

(1) Domestic. An official record kept within the United States ... when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.

Robeson contends that this rule requires that the PSI be authenticated before it may be used in sentencing.

Another panel of this court recently addressed a similar argument in *Dillard v. State*, 827 N.E.2d 570 (Ind.Ct.App.2005), *trans. denied.* The *Dillard* court found that the only purpose of a PSI is to provide information to the court for use at individualized sentencing. Furthermore, "[t]he State is not required ... to introduce certified copies of prior convictions to prove those convictions exist." *Id.* at 576. We went on to observe that "the relevant inquiry regarding pre-sentence reports usually concerns their accuracy. To that end, we are generally concerned only with insuring that the defendant had an *opportunity* to examine the report and challenge any inaccuracies contained therein, pursuant to I.C. § 35-38-1-12(b)." *Id.* The information in the PSI is presumed to be accurate unless the defendant registers an objection to the information contained therein, and the failure to so object waives appellate review of this issue. *Id.* We also noted in another similar challenge that, "[T]here is not a concern as to *how* an offense underlying a prior conviction was

committed; rather, the concern is *if* the defendant has prior convictions." *Stokes v. State,* 828 N.E.2d 937, 942 (Ind.2005).

■ Here, Robeson had the opportunity to review the PSI and challenge any inaccuracies, but she failed to do so. Granted, she objected to the trial court's use of the PSI, but that objection was based entirely on the authentication of the PSI, not on its accuracy. Tr. p. 6–8, 19. As such, she has waived this contention for appellate review. Waiver notwithstanding, this court has clearly determined that the trial court may properly consider the PSI when sentencing a defendant, and we reiterate that holding today. *See Stokes,* 828 N.E.2d at 941–43; *Dillard,* 827 N.E.2d at 575–76.

## II. Sentence Enhancement

Robeson further contends that her sentence was improperly enhanced. Specifically, she asserts that in light of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its progeny, she could not be sentenced to the maximum term of imprisonment.

■ Generally, sentencing determinations are within the sound discretion of the trial court, and we will only reverse for an abuse of discretion. *Krumm v. State,* 793 N.E.2d 1170, 1186 (Ind.Ct.App.2003). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

Before imposing the sentence, the trial court must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating and mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators.

*Boner v. State,* 796 N.E.2d 1249, 1255 (Ind. Ct.App.2003). A trial court is not obligated to weigh a mitigating factor the same as the defendant requests. *Smallwood v. State,* 773 N.E.2d 259, 263 (Ind.2002). A single aggravating factor may support the imposition of both an enhanced and consecutive sentence. *Payton v. State,* 818 N.E.2d 493, 496 (Ind.Ct.App.2004), *trans. denied.*

■ The *Blakely* court applied the rule set forth in *Apprendi v. New Jersey*— "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"—and found the sentencing scheme at issue did not pass constitutional muster. *Blakely,* 124 S.Ct. at 2536; *Apprendi,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "The relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 124 S.Ct. at 2537.

Our Supreme Court recently addressed the effect of *Blakely* on Indiana's sentencing scheme. *Smylie v. State,* 823 N.E.2d 679 (Ind.2005). The *Smylie* court concluded that portions of Indiana's sentencing scheme as it then existed violated a defendant's Sixth Amendment right to a trial by jury. In order to bring Indiana's sentencing scheme into compliance with *Blakely,* courts may use fixed presumptive terms but a jury must find any facts in aggravation. *Id.* at 683–84.

Even more recently, in *Morgan v. State,* 829 N.E.2d 12, 15 (Ind.2005), our Supreme Court noted:

While a sentence enhanced because it is based on the fact of a prior conviction does not violate the Sixth Amendment, the question of whether the sentence

should be enhanced and to what extent turns on the weight of an individual's criminal history. This weight is measured by the number of prior convictions and their seriousness, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability.

Robeson's PSI, which we have previously determined was properly considered by the trial court, revealed that she has numerous prior convictions. On February 12, 1999, she was found guilty of battery, a class A misdemeanor, and criminal mischief, a class B misdemeanor. On September 19, 1999, she entered a plea of guilty to leaving the scene of an accident, a class B misdemeanor. On February 15, 2000, she was convicted of theft, a class D felony, but judgment was entered as a class A misdemeanor. On September 30, 2003, she was convicted of operating a motor vehicle while intoxicated, a class A misdemeanor. And on August 13, 2003, she was convicted of theft, a class D felony.

Robeson accrued five convictions over the course of four and one-half years, and precisely one year after her felony conviction she gave Johnson a lethal dose of Xanax. While we agree with Robeson that her previous convictions are dissimilar to and less serious than voluntary manslaughter, the fact remains that she has clearly demonstrated a pattern of disrespect for the law with increasingly serious offenses. We agree with the trial court that when this aggravator is weighed against the trial court's stated mitigator, the extensive criminal history far outweighs the fact that Robeson has two children. As such, we cannot say that the trial court erred in imposing an enhanced sentence.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.