Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 21 2013, 8:51 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODY KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GERMAINE JONES,                )
                               )
    Appellant-Defendant,       )
                               )
       vs.             )   No. 49A02-1305-CR-396
                               )
STATE OF INDIANA,              )
                               )
    Appellee-Plaintiff.        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary Chavers, Judge
Cause No. 49G01-1202-FB-7594

**November 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Germaine Jones appeals his convictions of robbery and criminal confinement, both Class B felonies, raising the following issue for our review: whether there was sufficient evidence to sustain his convictions. Concluding the evidence was sufficient to prove Jones's guilt beyond a reasonable doubt, we affirm.

## Facts and Procedural History

Suzette Surprenant was the sole employee working a Speedway gas station in Indianapolis during the early hours of January 13, 2012. Around 4:00 a.m. that morning, two young African-American men entered the gas station. The first man's face was exposed, and he was later identified as Kenneth Compton. Compton wore a black hooded jacket and a baseball cap. The second man wore a mask. The masked man wore a black coat with a quilted diamond pattern, and the hood of his jacket was pulled up over a red, black, and white baseball cap with a sticker on the bill. The masked man also wore gray and black duck boots.

Compton pointed a gun at Surprenant and ordered her to open the cash register. Surprenant opened the register, and Compton removed fifty-seven dollars in cash. Compton then demanded that Surprenant open the safe, but she replied that she could not because it was time locked. At that point, Compton turned to the masked man and said "Wayne, grab the squares," meaning cigarettes. Transcript at 19. The masked man grabbed a plastic bag and put all of the Newport cigarettes in the bag. At the same time, Compton stole seventeen 124K Gold Rush scratch-off lottery tickets. Then, Compton said "Let's go, Wayne, let's go," tr. at 20, and the two men left the store and ran south down the street on foot. Surprenant locked the doors and called the police.

The Speedway's district manager was able to identify the serial numbers of the stolen lottery tickets and contacted the Hoosier Lottery around 6:00 a.m. The Hoosier Lottery's

security measures allow it to be alerted if someone attempts to redeem a stolen lottery ticket. Around 10:30 a.m. the same morning, four of the stolen lottery tickets were presented for redemption at a mini-mart on South Keystone Avenue. A Hoosier Lottery representative immediately contacted the mini-mart clerk, who confirmed that two African-American men wearing black jackets and baseball caps had attempted to redeem the tickets and that they had left in a maroon Chevy Malibu. The police were immediately contacted, and an officer of the Indianapolis Metropolitan Police Department conducted a traffic stop of a maroon Chevy Malibu he observed driving north on I-65 just minutes after the dispatch.

Compton was driving the vehicle, which contained three other passengers, one of whom was Germaine Jones. Jones was wearing a black hooded jacket with a quilted diamond pattern and black and gray duck boots. Jones falsely identified himself as "Donald Montgomery" but was later identified by his full name "Germaine Dewayne Jones." Tr. at 104, 181. Twelve unopened packs of Newport cigarettes were found in the vehicle, including two packs that were found on Jones's person. Four baseball caps were found in the vehicle, including one red and black cap with a sticker on the bill.

While incarcerated at the Marion County Jail, Jones made several phone calls from the jail. Jones identified himself as "Wayne" during those calls. Tr. 188.

Jones was charged with robbery and criminal confinement, Class B felonies, and a jury found him guilty of both charges. The trial court sentenced Jones to twenty years executed, with eighteen years to be served at the Indiana Department of Correction and two years with community corrections on work release.

<u>Discussion and Decision</u>

## I. Standard of Review

When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of the witnesses, and we must respect "the

3

jury's exclusive province to weigh conflicting evidence." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (citation omitted). We consider only the probative evidence and reasonable inferences supporting the verdict. Id. And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

## II. Sufficiency of the Evidence

Jones argues that there was insufficient evidence presented at trial to sustain his convictions for robbery and criminal confinement. Specifically, he maintains that the evidence was not sufficient to identify him as Compton's masked accomplice in the robbery. We disagree.

"Elements of offenses and identity may be established entirely by circumstantial evidence and logical inferences drawn therefrom." Bustamante v. State, 557 N.E.2d 1313, 1317 (Ind. 1990). "Circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt." Pierce v. State, 761 N.E.2d 821, 826 (Ind. 2002).

Jones's brief seeks to attack each piece of evidence individually and argues that none of the evidence proves Jones's identity. But where the State's case is built on circumstantial evidence, the evidence in the aggregate may point to guilt even if individual pieces of evidence in isolation may not. Kriner v. State, 699 N.E.2d 659, 664 (Ind. 1998). When considered as a whole, the circumstantial evidence in this case is such that a jury could find Jones guilty beyond a reasonable doubt.

First, Compton referred to his masked accomplice as "Wayne" during the robbery; "Wayne" is the same name by which Jones referred to himself while making phone calls from

4

the Marion County Jail.[1]   Second, Jones was with Compton when four of the stolen lottery tickets were redeemed.   Third, when the police pulled over Compton's vehicle, Jones was wearing a black hooded coat with a quilted diamond pattern and gray and black duck boots—clothing which matched that worn by Compton's masked accomplice.   Fourth, twelve unopened packs of Newport cigarettes, the brand stolen during the robbery, were found in the vehicle, including two packs that were found on Jones's person.   Lastly, the police found a red and black baseball cap in Compton's vehicle that matched the hat worn by Compton's masked accomplice.

Taken together, this circumstantial evidence is sufficient to allow a reasonable jury to infer that Jones was Compton's masked accomplice and guilty beyond a reasonable doubt of the crimes charged.   Accordingly, the evidence presented at Jones's trial was sufficient to sustain his convictions.

Conclusion

Concluding the evidence presented at trial was sufficient to prove Jones's guilt beyond a reasonable doubt, we affirm.

Affirmed.

RILEY, J., and KIRSCH, J., concur.

---

[1]   Jones's brief, in both its statement of facts and analysis, omits the fact that Compton referred to his masked accomplice as "Wayne" and that Jones identified himself as "Wayne" when making phone calls from the Marion County Jail.  We find this omission noteworthy because we believe this to be one of the most incriminating facts presented against Jones.

5